EASTERN DIST.
*May,* 1840.

EXCHANGE AND
BANKING CO.
*vs.*
WALDEN.

</div>

======

## EXCHANGE AND BANKING COMPANY *vs.* WALDEN.

### APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the facts are fully stated in the petition, and the appellant swears that " the matters of fact set forth in the petition, are true and correct,' it is sufficient to support an injunction; for if the facts are false, the oath would subject the party to the penalties of perjury.

The article 739 of the *Code of Practice*, points out the *only* reasons for which the sale of mortgaged property, by the executory process, can be arrested.

A mortgage for a principal sum, secures also the interest and costs in enforcing payment.

Taking a note in renewal of one secured by mortgage, is no novation when the first one is not given up.

In the executory process, no copy of the petition is required to be served on the defendant. A simple notice is necessary.

Want of amicable demand does not authorize an injunction, to prevent or delay the payment of a debt.

This case commenced with the executory process. The plaintiffs obtained an order of seizure and sale against a lot of ground and the buildings and improvements thereon, mortgaged to them to secure the payment of the defendant's note, payable to their order, and due and protested for non-pay-

EASTERN DIST.
*May*, 1840.

EXCHANGE AND
BANKING CO.
*vs.*
WALDEN.

ment. A new note had been given in renewal of the one marked *ne varietur*, which had been retained, and both were annexed to the petition.

The defendant opposed the sale, and applied for, and obtained an injunction on several grounds :

1. Interest and costs of protest are not included in the mortgage, which is only for a specific sum or debt.

2. That defendant had paid a part of the original note, secured by mortgage, and given a new note in renewal for the balance ; that the plaintiffs are proceeding on the original note, without giving up or accounting for the new one.

3. The petitioners allege, they have annexed their act of mortgage, and made it part of their petition, but have never served a copy of the same on defendants, as the law requires.

4. The defendant denies that he has ever been put in default, or that any amicable demand has been made on him for the debt.

5. That the proceedings are irregular and illegal. The defendant swears in his affidavit for the injunction, " that the matters set forth in the petition are true and correct, &c.," and " that the matters of law therein alleged, he is informed and verily believes to be correct, &c."

The plaintiffs denied the matters set forth in the injunction ; averred that the affidavit was insufficient ; and prayed that it be dissolved, as frivolous upon its face. A rule was taken on the defendant to show cause why the injunction should not be dissolved and set aside, with damages, &c.

On hearing the parties, the rule was made absolute, and the injunction set aside with costs. The defendant appealed.

*L. Peirce*, for the plaintiff, prayed the affirmance of the judgment.

*F. B. Conrad*, for the defendant, insisted the judgment should be reversed, as unconstitutional, for want of reasons.

2. That it was improperly dissolved on the face of the proceedings, which are to be taken as true. The proceedings show that the plaintiff was claiming a larger amount

that the defendant owed, and for which the mortgage was given.

3. That another note was given in renewal of the mortgage note which is not accounted for, while the plaintiffs are proceeding to sell the mortgaged property for the balance due on the mortgage. There is no authentic evidence of any amicable demand to authorize such proceedings.

EASTERN DIST.
*May*, 1840.

EXCHANGE AND
BANKING CO.
*vs.*
WALDEN.

*Simon, J.*, delivered the opinion of the court.

The plaintiffs, having obtained an order of seizure and sale of certain property mortgaged, to secure a debt due them by the defendant; defendant opposed the execution of the writ, and sued out an injunction to stay the proceedings until the further order of the court. The principal grounds on which this opposition is founded, are : 1. That the plaintiffs claim to have a mortgage for a larger amount than the mortgage secures, as the interest claimed and costs of protest are not secured by the mortgage. 2. That a part of the original debt having been paid, the balance due is a sum of three thousand six hundred dollars, for which defendant gave a note which must be accounted for. 3. That a copy of the act of mortgage has been made a part of the petition, and has not been served on the defendant. 4. That no amicable demand has been made. Without answering to the merits of the opposition, plaintiffs obtained a rule on the defendant, to show cause why the injunction should not be dissolved, on the grounds that the affidavit and the matters set forth in the petition for an injunction are insufficient and contrary to law. The parish judge dissolved the injunction, and the defendant appealed.

The affidavit of the defendant appears to be sufficient; he swears that the " matters set forth in the petition, are true and correct." This is undoubtedly within the meaning of article 304, of the Code of Practice ; the facts are fully stated in the petition, and if false, the oath would subject the defendant to the penalties of perjury. 13 *Louisiana Reports,* page 46.

Where the facts are fully stated in the petition, and the affiant swears that "the matters of fact set forth in the petition are true and correct," it is sufficient to support an injunction ; for if the facts are false, the oath would subject the party to the penalties of perjury.

EASTERN DIST.
*May*, 1840.

EXCHANGE AND
BANKING CO.
*vs.*
WALDEN.

The article 739 of the Code of Practice, points out the *only* reasons for which the sale of mortgaged property by the executory process, can be arrested.

A mortgage for a principal sum, secures also the interest and costs, in enforcing payment.

Taking a note in renewal of one secured by mortgage, is no novation when the first one is not given up.

In the executory process, no copy of the petition is required to be served on the defendant. A simple notice is necessary.

Want of amicable demand does not authorise an injunction to prevent or delay the payment of a debt.

The grounds on which the injunction was obtained, are not within the 739th article of the Code of Practice, which points out the only reasons for which the sale of property mortgaged by executory process, can be arrested, and are certainly insufficient in themselves to authorize the issuing of the writ:

I. The interest accruing on the principal amount of a debt secured by mortgage, and the costs necessary to enforce it, are also secured by the same mortgage, and are to be paid out of the proceeds of the sale of the property.

II. The taking of a note in renewal of one secured by mortgage, operates no novation, 3 *Martin's Reports*, 431; the first note having not been surrendered by the creditor, 1 *Louisiana Reports*, 527; 4 *Louisiana Reports*, 512. In that case, the plaintiffs have sufficiently accounted for the renewed note, by filing it with their petition, and showing thereby that they are still the holders thereof.

III. There is no law that requires, in executory process, that a copy of the petition be served on the defendant; a simple notice is sufficient. *Code of Practice, article,* 734 and 735.

IV. Want of amicable demand cannot authorize the issuing of an injunction to prevent or delay the payment of a debt. In this case, the protest of the note, which necessitated a demand of payment, may be considered sufficient to put the defendant *in morâ*. The order of seizure and sale was granted a few days after the protest.

Under this view of the case, we think the parish judge did not err in making the rule absolute, and dissolving the injunction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.