Nash v. Johnson and others.

WILLIAM J. NASH *v.* HENRY JOHNSON and others.

Where the purchaser of a tract of land knew, at the time of his purchase, that a suit would be necessary to evict the parties in possession, he cannot recover from his vendor the costs of the suit.

The notice required by art. 735 of the Code of Practice, to be given by a creditor in possession of an act importing a confession of judgment, before proceeding against a debtor or his heirs, is to be served by the sheriff; but it is not necessary that it should be signed by him. The notice may be made out by the clerk of the court in which the petition is filed. The object of the notice is to accord a delay to the debtor before issuing the writ, to enable him to appeal, or protect his rights by any other mode. If the delay be given, the form of the notice is immaterial. Service of a copy of the petition on the debtor, is not necessary.

APPEAL from the District Court of St. Mary, *Boyce*, J.

*Maskell*, for the appellant.

*Splane* and *Stewart*, for the defendants.

GARLAND, J. Henry Johnson, one of the defendants, obtained an order of seizure and sale against the plaintiff, for the purpose of having a tract of land in his possession, seized and sold under a mortgage, which he had upon it. The plaintiff obtained an injunction to arrest the sale, and he claims one thousand dollars damages against the seizing creditor, for an illegal seizure of his (the plaintiff's) property.

The first ground is, that in the act of sale to the plaintiff, there was a warranty against all disturbances and evictions;

yet he avers that he has been disturbed, and has been obliged to bring suits against several parties to dispossess them of portions of the land, by which he has incurred heavy expenses, and otherwise suffered damage. The second: That a mortgage in favor of Johnson on said land has been attempted to be released without the agent releasing it producing any authority to do so. The third: That no order of seizure and sale can be issued, on an act of sale reserving a mortgage, which act of sale was signed by an agent or attorney in fact, without producing the power of attorney, at the time of applying for the order of seizure and sale.

The fourth ground of injunction is, that the agent of O. L. Nash, who made the sale, sold the land to the plaintiff for less than he was authorized to take for it; and that having done so, the sale is illegal, was made in error on the part of the plaintiff, "and of course no legal consideration given for the notes sued on;" wherefore the sale and notes should be annulled and cancelled. The fifth ground is, that no legal notice has been given by the sheriff of the seizure of the property, and that he is attempting to sell the same, previous to the legal delays having expired.

The sixth, that said Johnson has in his possession two sets of notes given by different parties, secured by mortgage on said land, by separate acts, and that he has no right to proceed in this case until the first mortgage is released, and the first set of notes cancelled.

The seventh ground being abandoned, it is not necessary to state it.

The petition concludes with a prayer, that the sale to the plaintiff may be annulled and set aside; that he recover from the defendant, Johnson, the sum of $863 50, with ten per cent interest, and also damages to the amount of one thousand dollars.

The defendants moved to dissolve the injunction on the grounds: *First*, that the affidavit is "irregular, conditional, and insufficient." *Second*, that the petition does not allege any of the grounds set forth in the Code of Practice, to arrest the execution of executory process. This motion was overruled, and the defendants answered by a general denial; also by averring

that Johnson had, by his agent, Splane, sold the land to O. L. Nash, who not paying for it, Splane, as his (O. L. Nash's) agent sold it to the plaintiff, who gave his notes to Johnson, and the notes of O. L. Nash to him were cancelled. Wherefore he prays for a dissolution of the injunction, with damages and costs.

The evidence in the case shews, that Johnson was the owner of the land seized. In 1837, he sold it, through the agency of A. R. Splane, Esq, to one O. L. Nash, who not being able to pay for it, also authorized Splane, who was still Johnson's agent, to sell the land for a sufficient sum to pay his (O. L. Nash's) notes to Johnson. This Splane did, and when he made the sale to the plaintiff, instead of making notes payable to O. L. Nash, they were made payable to Johnson himself. All parties, at the time, seem to have understood, that the purpose was to convey the property to the plaintiff, without the expense and trouble of a resale from O. L. Nash to Johnson, and then a sale from him to the plaintiff. The notes of O. L. Nash have ever since been considered as cancelled, and his agent produced them and offered to give them up, as being cancelled. The remainder of the evidence will be noticed, as the points are considered to which it relates.

Upon the first point, that the plaintiff has not received a good title to the land, and has been disturbed in his possession by Valmont Henry and others, it is sufficient to state, that when the plaintiff purchased, he knew that these people were on the land, and that Splane told him it would be necessary to bring suit to dispossess them. A suit has been brought by Splane, as the attorney of the plaintiff, who alleged his title to be complete and perfect under Johnson, and a judgment has been rendered in his (plaintiff's) favor. As to the expenses, the plaintiff has not shown the amount incurred in prosecuting the suit, nor has he shown that he has paid them; and if he had, we are not prepared to say that he is entitled to recover them, as he knew when he purchased, that a suit would be necessary to evict the parties in possession.

The second ground, that no power of attorney has been produced authorizing Splane to release the mortgage given by O.

L. Nash to Johnson, is not more tenable than the first. The statement we have given of the transaction, is also a sufficient answer to this point. If it were not, the act of sale will put the matter beyond doubt, in which it is stated, that when the plaintiff shall pay his notes now sued on, that it shall operate as a full release of the mortgage then given, as also of that given by O. L. Nash to Johnson. On the act containing this stipulation, Johnson now sues, and if his agent, Splane, was without authority to make it, the fact of the suit on it proves an acceptance and ratification, which will protect the plaintiff.

The third ground of the plaintiff, seems to us based upon an entire misapprehension of the position he occupies. He appears to have forgotten, that he is the mortgagor, and that his obligation was not contracted by an agent. If it had been, there might have been some force in the objection; but when the mortgagee assumes to act upon a mortgage accepted by his agent, we suppose the question of authority in the agent who accepts the mortgage is at an end. The plaintiff, after having contracted with the agent, presents himself with but little grace to contest his authority, when it is not questioned by his principals, nor any apprehension of disturbance shown on that account.

We cannot believe the fourth ground for the injunction to be serious. It is in effect saying, that the plaintiff got a better bargain from the agent than he was authorized to make, and that, in the absence of any complaint on the part of the principals. he wishes to annul a sale, because he did not give as much for the property as one of them wanted. If there be any difference at all, in the price mentioned in the letter of O. L. Nash to Splane, and the amount of his debt to Johnson, it is so small as not to require notice.

The fifth ground is urged by the counsel for the plaintiff with more zeal than any other. He says, that no legal notice of the seizure was given by the sheriff, and that he attempted to sell the property previous to the expiration of the legal delay. The order of seizure was given by the judge at Opelousas, on the 2d of August, 1843, and was filed in the clerk's office in St. Mary, on the 12th of the same month. On the 14th of the month, the

clerk of the court made out a full notice of the order of seizure, reciting it in detail; he also made a copy of the petition. In the notice, the plaintiff was informed that if he did not pay the money within fifteen days after service of it, a writ in due form would issue, commanding the sheriff to seize and sell the land mortgaged. This copy of the petition and the notice, was served on the 16th of August, and on the 31st the process issued. On the 1st of September, the sheriff made a seizure and gave notice thereof on the same day, informing the plaintiff (then defendant) of the seizure, and of his intention to expose the property for sale on the 7th day of October following. These proceedings, the counsel for the plaintiff contends, do not constitute a legal notice, and he relies upon article 735 of the Code of Practice, and on various decisions of this court to sustain his position. Article 734 of the Code of Practice says, that when the creditor is in possession of an act importing a confession of judgment, he may proceed against the debtor, or his heirs, without a previous citation, and cause the property to be sold; but "in obtaining this order of seizure," says the 735th article, "it shall suffice to give three days notice to the debtor, counting from that on which the notice is given, if he resides on the spot, adding a day for every twenty miles between the place of his residence, and the residence of the judge to whom the petition has been presented." This notice, says this court, in 7 Mart. N. S. 514, is the one the sheriff is to give before seizure; but it is not said that it must be a notice signed by the sheriff, but one served or given by him. It has been held, in the 15 La. 434, that it is not necessary in executory process to serve a copy of the petition on the debtor, but that he must have notice; and it appears to us very proper, that such notice should be made out by the clerk, with whom the petition is filed, and that it should be served by the sheriff. To obtain the order of seizure it is necessary to give notice, says the Code of Practice. That order or writ is issued by the clerk on the mandate or judgment given by the judge, and it is not possible for the sheriff to give notice, except by a notice signed by the clerk, he alone having in his possession all the proceedings, and the order or decree directing the writ to issue. The notice is something like a notice of judg-

ment, and the delay accorded to the debtor, before the issuing of the writ, is to enable the party to apply to the judge for an appeal, or to adopt some other mode of redress, in case the proceedings are irregular or unlawful. It is possible that the notice would be good, if signed by the sheriff, after an order or writ of seizure was in his hands ; but until he gets such writ, he has no authority to act, and can only serve the notice given him by the clerk. The object of the law maker is, that the party shall have notice, and an opportunity to protect his rights; if this be allowed him, it is not very material as to the form of the notice. 7 Mart. N. S. 647. Article 745 of the Code of Practice says, that "when the sheriff sells property he has seized conformably to the provisious contained in this chapter, he must cause the same appraisement to be made, and observe the same delays and formalities as are prescribed for the sale of property seized in execution." These delays and formalities, it is said, the sheriff has not pursued, and the evidence produced is a notice of seizure, which informs the debtor that thirty-six days after, he will proceed to sell the land seized, and calls on him to name an appraiser. This is ample time for the expiration of the three days which, after a seizure, is to precede the advertisement, and of the time which the property is to be advertised before a sale. We see nothing in this ground to authorize us to arrest the sheriff in his proceedings.

The best answer that can be given to the sixth ground for the injunction, is to refer to the clause in the act of sale to the plaintiff, in which he says that he gives his notes to Johnson for the price of the land, and a mortgage to secure them, with a special renunciation of mortgage or lien on the part of O. L. Nash resulting from the sale. The care manifested about the notes of O. L. Nash, seems rather officious on the part of the plaintiff; but if he is really desirous of invalidating any force or effect that these notes may have, the best plan is to pay his own, which will fully discharge both.

In dissolving the injunction the court below allowed the defendant a small amount in damages, about three per cent. This the counsel has prayed us to amend, and allow a larger sum,

which request we think ought to be granted, as there is no equity in the plaintiff's case.

It is, therefore, ordered and decreed, that so much of the judgment appealed from as dissolves the injunction be affirmed, with costs; and as to that part which gives eighty-two dollars and thirty-eight cents as damages, we order and decree that it be amended, and that the said William J. Nash be adjudged and condemned to pay Henry Johnson, the sum of two hundred dollars as damages, reserving to said Johnson his right to proceed against the surety on the injunction bond.