## AILLET v. HENRY.

| 2b 145 |
| 47 14 |
| 47 1287 |
| 2 145 |
| Case 2 |
| 110 88 |

In proceedings *via executiva*, it is not necessary to serve the defendant with a copy of the petition; and the Code of Practice, art. 734, expressly dispenses with any citation. The notice required by arts. 735, 736, is not a citation, but is in the nature of a notice of judgment; and no law requires it to be served in the french language, even when that is the mother tongue of the party to be notified.

AILLET
v
HENRY.

Where a judgment, the execution of which has been enjoined, bears interest, such additional interest only can be allowed, on dissolving the injunction, as will make the rate allowed equal to the highest conventional interest.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.

*Greves*, for the plaintiff, contended that the service on the plaintiff should have been in french, that being his mother tongue, citing Code Pract. arts. 179, 625, 626.

*Labauve*, for the appellant, cited 15 La. 431.

The judgment of the court was pronounced by

KING, J.  The defendant in this suit being a creditor of *Aillet*, the plaintiff, by a special mortgage, importing a confession of judgment, obtained an order for the seizure and sale of the hypothecated property.  The plaintiff enjoined the proceeding, on the ground that his mother tongue is the french, and that the petition, notice of the order of seizure, and notice of seizure, were served on her in the english language only.  Proof having been made of the facts alleged by the plaintiff, the injunction was perpetuated by the judge below, and the defendant has appealed.

We think that the judgment appealed from is erroneous.  In ordinary actions in which citations are necessary, the defendant may, if the french be his maternal tongue, require to be served with a citation and a copy of the petition, in that language.  Code of Practice, arts. 172, 179.  But it has been repeatedly held that, in executory process it is not necessary to serve the defendant with a copy of the petition; and the Code of Practice (art. 734) expressly dispenses with citation in that proceeding.  15 La. 434.  9 Rob. 12.

The notice required by the 735th and 736th articles of the Code of Practice is not a citation, but is in the nature of a notice of judgment.  7 Mart. N. S. 514.  1 Rob. 297.  No law requires that it should be served in the french language, when that is the mother tongue of the defendant.

The defendant prays for interest and damages on the dissolution of the injunction, to both of which she is entitled.  The judgment enjoined, however, bears seven per cent interest, and but one per cent in addition can be awarded, eight per cent being the highest rate now allowed by law.

It is therefore ordered that the judgment of the District Court be avoided and reversed.  It is further ordered that the injunction issued in this case be dissolved, and that the defendant, *Henry*, have judgment for, and recover from the plaintiff, *Ursin Aillet* and *Mathurin Lejeune*, his surety in the injuction bond, *in solido*, five per cent damages on the amount of the judgment enjoined, and one per cent additional interest on the amount of said judgment, from the date of the injunction to the dissolution of the same ; the plaintiff paying the costs of both courts.