## BERNARD SOULIÉ v. BROWN, JOHNSON & CO.

When a party agrees to subrogate another to his rights against his debtor, upon his paying certain specified balances, in yearly installments, which are admitted to be due upon promissory notes, bearing interest, and which constitute the debts to the rights of which he seeks to be subrogated, and when there is no release or remission of interest expressed in, or that can be implied from the agreement—*Held :* That the party assuming the payment of the balances due upon the obligations, cannot be subrogated to the rights of the holder of the notes, until he has paid the interest which has accrued and is due on them.

The assumption to pay a subsisting obligation, from which interest grows, necessarily implies the payment of such interest, although not stipulated *" eo nomine."*

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*G. Legardeur,* for plaintiff.   *Chilton & Harrison,* for defendants and appellants.

VOORHIES, J.   The defendants were the holders of two protested promissory notes of *Alexander Lesseps,* an insolvent debtor.   On the 18th of July, 1853, they received from the syndic of the creditors of the insolvent, the sum of $1589 22, as a dividend on account of said notes.   On the 16th of May, 1854, the parties litigant entered into a written agreement, which, after stating the above facts, and that the balance due on said notes amounted to $3,714 18, contains the following clauses, to wit :

" And whereas *Bernard Soulié,* of this city, is desirous of paying the aforesaid *balance still due on the said two promissory notes,* and as being *subrogated* to the *rights* and *privileges* of the said firm of *Brown, Johnson & Co.,* as holders thereof :

Now, therefore, the said *Shepherd Brown,* for and on behalf of the said firm, does, by these presents, consent and *agree to receive payment* of the said *balances* from the said *Soulié,* in yearly installments of eight hundred dollars on the first of March, but *without prejudice to the rights of the said firm to collect and receive any further dividend,* or dividends, which may be declared and paid by the syndic of the creditors of the said *Lesseps,* in the meantime and before the said *Soulié shall have paid said balances in full,* and moreover consenting and agreeing, that by the mere fact of the payment of any and every part and portion of the said balances by the said *Soulié, he shall be subrogated pro tanto,* to the rights and privileges of the said *Brown, Johnson & Co.:* provided, however, that he shall not exercise such rights or privileges until the *said firm shall have received* either from him or the syndic aforesaid, or both, the full amount of the said balances."

The record contains an admission, that the defendants purchased at the judicial sale of the property surrendered, a certain lot of ground with the improvements thereon erected, which had been for a number of years the homestead of the insolvent's family ; that in consequence of the intervention of the plaintiff, the defendants consented to make a transfer of their adjudication for the benefit of said family.   This, it would seem, was the motive or cause which gave rise to the agreement between these parties.

It is contended by the plaintiff, that this contract is one of sale for a fixed price, to wit, $3,714 18, the balance then due and which he stipulated to pay, by installments, to the defendants, who bound themselves, on receiving such payment, to make him a transfer of their claim, with subrogation, against the insol-

66

SOULIÉ.
v.
BROWN.

vent's estate; and that he was consequently not bound for the payment of any interest on the installments thus stipulated to be paid by him. It must be obvious, that the contract between the parties cannot admit of any such construction. Indeed, the express stipulation for the payment, without prejudice to the rights of the defendants to the dividends, of " said balances in full," is utterly repugnant to the idea of a transfer of their claim to the plaintiff. The only right which the latter acquired under that agreement, was that of a conventional subrogation on the payment of the balances which he thus stipulated to pay to the defendants. A different construction would certainly not comport with the plain and obvious meaning of the language used in the act, that the plaintiff " is desirous of paying the aforesaid balances still due on the said two promissory notes, and being subrogated to the rights and privileges of the said firm of *Brown, Johnson & Co.*, as holders thereof." The consent of the latter to receive payment " in *yearly* installments of *eight hundred dollars* on the 1st of March," can hardly be construed to mean the specific sum of $3,714 18. How could that sum be paid " in *yearly* installments of *eight hundred dollars* on the 1st of March" ? But it must be obvious that the plaintiff, in order to be entitled to the right of subrogation, was bound, as a precedent condition, to pay " the balances still due on the said two promissory notes."

The assumption to pay a subsisting obligation from which interest grows, necessarily implies the payment of such interest, although not stipulated *eo nomine*. 15 La. 434. There was no release or remission of the interest in this case; nor can it be implied from the terms of the contract. C. C. 2195.

It is, therefore, ordered, that the judgment of the court below be avoided and reversed; and that there be judgment in favor of the defendants, dismissing the plaintiff's demand at his costs in both courts.

COLE, J., dissenting. I am of opinion that plaintiff is not liable for interest, and think the judgment of the lower court should be affirmed.

SPOFFORD, J., dissenting. It was correctly held in the case of the *Exchange and Banking Company* v. *Walden*, 15 La. 431, that " the interest accruing on the principal amount of a debt secured by mortgage, and the costs necessary to enforce it, are also secured by the same mortgage, and are to be paid out of the proceeds of the sale of the property."

But here is the case of a party, who in agreeing to subrogate another to his rights against his debtor, takes the pains to specify the sums which he claims, and upon the payment of which he agrees to make the required subrogation effectual. He does not undertake to sell a *debt* in general terms. He goes into a calculation so minute as to insert the sum of three dollars each for two protests, and strikes the balance at the date of the contract at the sum of $1,629 20 for one note, and $2,084 98 for the other. He requires the other party to assume the payment of the " aforesaid balances," and nothing more, in yearly installments of $800, on the 1st of March. No allusion is made in the notarial act of the 16th of May, 1854, to interest, as being due at all. And now it is contended, that by implication in the said act, the plaintiff undertook to pay between $500 and $600 of interest said to be then due, and nearly as much more since accrued.

As there was no assumpsit on the part of *Soulié* to pay the *debt* of *Lesseps*, and as the defendants, *Brown, Johnson & Co.*, took the pains to cast the *balance* in dollars and cents, upon the payment whereof they bound themselves to subrogate *Soulié* to their rights, I think the District Judge was right in declining to add a stipulation for interest to the minute and carefully drawn contract of the parties.

I find it difficult to conceive that *Shepherd Brown*, acting for his firm, should have forgotten an item of several hundred dollars of interest, and inserted an item of three dollars for costs of protest. If he did not forget it, then it seems he did not intend to exact interest of *Soulié*. And *Soulié* only bound himself to pay the balances specified in the act, which he has done, or affirmed to do.

I, therefore, think the judgment of the District Court should be affirmed.