Hart & Hebert vs. Pike, Brother & Co.

## No. 6551.

HART & HEBERT, IN LIQUIDATION, VS. PIKE, BROTHER & Co.

In executory proceedings, the notice of judgment, to be served on the defendant previous to the seizure of the property, must be signed and issued by the clerk, and not by the sheriff.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing*, J.

*S. P. Greves* and *H. M. Favrot*, for plaintiffs and appellants.

*Thomas P. Dupree* and *Herron & Bird*, for defendants.

The opinion of the court was delivered by

SPENCER, J. Defendants took out executory process against certain property in the city of Baton Rouge, mortgaged by Hart & Hebert, a few days after the latter had made an assignment of their effects to their creditors.

The plaintiffs, representing the creditors, took out an injunction against the process, and allege many grounds therefor. It is only necessary to notice one of them. . They allege, and such is the admitted fact, that the writ of seizure and sale was issued without the clerk's having previously issued the notice of judgment prescribed by articles 735 and 736 of the Code of Practice. That no such notice was ever issued by the clerk, and none ever served on the defendants in the process. It seems that on the day the writ came into the sheriff's hands he gave a written notice to defendants that unless the amount be paid in three days he would seize and sell the mortgaged property.

This notice by the sheriff was not the notice required by law. It clearly results from the provisions of the Code of Practice, articles 735 and 736, that the preliminary notice therein provided for must be issued by the clerk. The writ can not legally issue until that notice has been given, and the sheriff, therefore, can not have the power to give such notice, because he derives his whole knowledge from the writ, which can not legally reach him until this notice is given and the delays expired. The judgment of the court *a qua* dissolving the injunction with three hundred and fifty dollars damages is erroneous. It is therefore ordered, adjudged, and decreed by the court that the judgment appealed from be annulled and avoided, and it is now ordered that the injunction sued out by plaintiffs' be sustained and perpetuated, defendants herein paying costs of both courts.

### ON APPLICATION FOR REHEARING.

The opinion of the court was delivered by

SPENCER, J. We held in this case that the "notice to the debtor," prescribed by articles 735 and 736 of the Code of Practice, should be issued and signed by the clerk.

We have carefully reconsidered that opinion, and find that we must adhere to it.

The order or decree of the judge making the mortgage executory is so far a judgment that it may be appealed from, and may be enforced by execution *quoad* the mortgaged property. It is a judgment, too, rendered *ex parte*, and without the previous citation of the debtor, and it would be a strange omission in the law if no notice of this judgment was required to be given the debtor before its execution. We find that by article 624, Code of Practice, even when the debtor has been cited and has made default, a judgment confirmed against him in an appealable case can not be executed until notice of judgment has been given him. The Code of Practice in this case does not say by whom this notice shall be issued and served; yet we apprehend that no one will dispute that the clerk of the court is the proper officer to issue it. Why? Simply because being the only legal custodian of the records, he is the only person who can certify what that judgment is. So in the case of executory proceedings, he is the custodian of the record, of the judgment, and, *ex necessitate*, is the proper officer to issue the notice of it. The clerk issues the notice, and the sheriff serves it.

Nor is this doctrine new to the jurisprudence of Louisiana. On the contrary, it plainly flows from both the text and spirit of the Code, and has been held to be the true doctrine by this court in a number of cases. In Nash vs. Johnson, 9 R. 12, this court said: "Article 734, Code of Practice, says that when the creditor is in possession of an act importing a confession of judgment he may proceed against the debtor or his heirs without a previous citation, and cause the property to be sold; but in obtaining this order of seizure, says article 735, it shall suffice to give three days notice to the debtor, counting from that on which the notice is given, if he resides on the spot, adding a day for every twenty miles between the place of his residence and that of the judge to whom the petition has been presented. This notice, says this court in 7 Martin, N. S. 514, is the one the sheriff is to give before seizure; but it *is not said* that it must be a notice *signed by the sheriff*, but one *served* or *given* by him. It has been held in 15 La. 434, that it is not necessary in executory process to serve a copy of the petition on the debtor, but that he must have notice; and it appears to us very proper that such notice *should be made out by the clerk*, with whom the petition is filed, and that it should be *served* by the sheriff. To obtain the order of seizure, it is necessary to give notice, says the Code of Practice, that order or writ is issued by the clerk on the mandate or judgment given by the judge, and *it is not possible for the sheriff to give notice except by a notice signed by the clerk*, he alone having in his possession all the proceedings and the order or decree directing the writ to issue. This notice is something

like a notice of judgment, and the delay accorded to the debtor before the issuing of the writ is to enable the party to apply to the judge for an appeal or to adopt some other mode of redress in case the proceedings are irregular or unlawful."

These views, so strongly expressed by our predecessors, meet our entire approbation, and give, we think, the true interpretation of our law. We do not share the apprehensions of defendants' counsel, as to the disastrous effects of this doctrine in unsettling titles in districts where a different practice has prevailed.

We have lately held that where the notice was signed and served by the sheriff, he having the writ in his hands at the time, it was not such an irregularity as would vitiate the sale. In the case above quoted (9 R. 12) it is said: "*It is possible* that the notice would be good if signed by the sheriff, after an order or writ of seizure was in his hands; but until he gets such writ he has no authority to act, and can only serve the notice given him by the clerk."

We therefore conclude that the proper mode is for the clerk to issue the notice and the sheriff to serve it; and that its non-observance is good ground of injunction.

The rehearing asked for is refused.