(34 South. 137.)

No. 14,531.

ROGERS v. ST. MARTIN, Sheriff, et al.*

(Feb. 2, 1903.)

WRIT OF SEIZURE—PETITION—DEMAND—NOTICE—SALE OF PROPERTY.

1. If the lawmakers had intended that the notice of demand required in a proceeding via executiva should convey all the information contained in the petition for the writ of seizure, they would have required that a copy of the demand, or petition containing the demand, and not a mere notice of the demand, should be served on the debtor. It is, however, well settled that a copy of the petition need not be served in such proceeding. It is enough that the debtor be notified, in the manner provided by law, that a demand for the writ of seizure has been made for the satisfaction of a claim sufficiently described to identify it, and he can then learn the particulars by referring to the petition on file. A demand for payment contained in such notice is unauthorized by law, and is mere surplusage.

2. Upon the other hand, the sheriff, having no authority in the premises save such as may be conferred by the writ, must proceed in accordance with its terms, and, if it commands him to sell the property for cash in part and on terms of credit with respect to the balance of the price, his offer, by advertisement, to sell it for cash alone, is unauthorized, and the sale may be enjoined.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish of Ascension; Paul Léche, Judge.

Action by Fulton Rogers against S. H. St. Martin, sheriff, and others. Judgment for plaintiff, and defendants appeal. Modified.

Foster, Milling, Godchaux & Sanders, for appellant the Leon Godchaux Company, Limited. Edward N. Pugh and Richard McCulloh (Beattie & Beattie, of counsel), for appellee.

### Statement of the Case.

MONROE, J. It appears from the record that the plaintiff purchased a plantation in the parish of Ascension, and as part of the price assumed the payment of certain outstanding notes, secured by mortgage on the property, amounting to over $17,000, of which, on February 1, 1900, two, for $2,500 each, were past due, and the others had not yet matured. These notes were all held by the Leon Godchaux Company, Limited, and

*Rehearing denied April 13, 1903.

on the date mentioned the company applied for executory process, praying that the mortgaged property be seized and sold for cash to meet the matured notes, and for the balance on terms of credit corresponding to the terms of payment of the unmatured notes. The district court ordered executory process to issue as prayed for "and according to law," and on the same day a notice of demand was issued and served, reading as follows:

"The Leon Godchaux Co., Limited, vs. Fulton Rogers. No. 1,322.

"The State of Louisiana, 27th Judicial District Court, Parish of Ascension.

"To Fulton Rogers of the Parish of Ascension.

"Greeting. Take notice that an order of seizure and sale having been granted, on the 1st day of February, 1902, by the Honorable the Judge of the above named court, in the matter of the above entitled and numbered suit: You are hereby notified to pay in the hands of the sheriff of the Parish of Ascension, within three days from the service hereof (allowing you one additional day for every twenty miles your residence is distant from the residence of the judge of this court), your indebtedness in the following sums:" (and then follows a statement in detail of the various amounts represented by the notes held by the petitioner, including those that were unmatured as well as those that were past due). "Attorney's fees at ten per cent. on the above amount on said principal and interest of the debt aforesaid and all costs of these proceedings; and that, in default thereof, a writ of seizure and sale will issue directing the sheriff of the Parish of Ascension to seize and take into his possession the property hereinafter described and to sell the same, at public auction without the benefit of appraisement, for the whole amount of petitioner's claim, in cash, to a sufficient amount to satisfy by privilege and preference plaintiff's claim, in principal, interest and cost of these proceedings, the following described property, to wit: [Then follows a description of the property.]"

Thereafter, on February the 8th, the writ of seizure and sale issued as prayed for; i. e., commanding the sheriff to seize the property, and sell it for cash to meet the matured notes, and on terms of credit to meet those that had not matured; all the notes being described in the writ. The sheriff, accordingly, made the seizure in conformity thereto, and he then advertised that he would sell the property on March 29th, "terms cash in United States currency." On March 27th, however, this suit was brought by the defendant in the seizure, and he alleges that under the allegations and prayer of the petition for executory process, and under the order of court therefor, he could only have been called on to pay the amount stated to be due; but that he was notified to pay the entire amount represented by all the notes, including those not yet matured; "that proper notice to pay is the foundation upon which writs of seizure and sale issue"; and that, by reason of the defect in the notice served on him, all the subsequent proceedings are illegal, and he prays that the sale be enjoined, and that it be so decreed, or that, in the alternative, the sheriff be prohibited from selling the property, under the advertisement, for cash, and that he be allowed damages. A preliminary injunction was, accordingly, issued. The defendant answered, praying that it be dissolved with damages, and upon the issues so presented the case was tried, with the result that there was judgment decreeing "the notice to pay, writ of seizure and sale, and the advertisement" to be illegal, and maintaining the injunction to that extent, with leave to the plaintiff in the seizure to proceed anew under the order for executory process as originally made, the claims for damages being rejected. The defendant in injunction has appealed.

## Opinion.

There is no authority for the proposition that a demand for the payment of the debt is a condition precedent to the obtention of an order for a writ of seizure and sale. The order for the writ issues upon a title importing confession of judgment, and resembles a judgment in that it is appealable, and in some other respects. Inasmuch, therefore, as the order is obtained ex parte, the law requires that three days' notice shall be given, in advance of its execution, that a demand for such execution has been made. "The object

of the notice," this court had said, "is to accord a delay to the debtor before issuing the writ, to enable him to appeal, or protect his rights by any other mode. If the delay be given, the form of the notice is immaterial." Nash v. Johnson & Others, 9 Rob. 8; Aillet v. Henry, 2 La. Ann. 145; Dupuy, Curator, v. Bemiss, Id. 509; Lombas v. Robicheaux, Sheriff, 14 La. Ann. 105; Hart & Hebert v. Pike, Brother & Co., 29 La. Ann. 262; Billgery v. Ferguson, 30 La. Ann. 84; Chase v. Gas Light Co., 45 La. Ann. 305, 12 South. 308.

The debtor may, of course, avail himself of the delay afforded by the notice to pay the debt, if he thinks proper; but the demand for such payment is mere surplusage. If the lawmakers had intended that the notice should convey with absolute accuracy, and in detail, all the information contained in the demand, they would have required that a copy of the demand, or petition containing the demand, and not a mere notice of the demand, should be served on the debtor. It has, however, frequently been held by this court that a copy of the petition in proceedings via executiva need not be served on the debtor. It is enough that he be informed, in the manner provided by law, that a demand for the writ has been made for the satisfaction of a claim sufficiently described to identify it, and he can then learn the particulars by referring to the petition on file in the office of the clerk of the court. Upon the other hand, the sheriff, having no authority in the premises save such as may be conferred on him by the writ, must proceed in accordance with its terms, and if it commands him to sell the property for cash in part and on terms of credit with respect to the balance of the price, his offer by advertisement to sell it for cash alone is unauthorized, and the sale may be enjoined.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed in so far as it holds the notice of demand, the writ of seizure, and the seizure thereunder to have been illegal, and that in other respects said judgment be affirmed, the costs of the appeal to be paid by the appellee, plaintiff, and the costs of the lower court by the appellant, defendant, in injunction.