357 So.2d 1243 (1978)
Charles M. BROWN et al., Plaintiffs-Appellees,
v.
James A. EVERDING, Defendant-Appellant.
No. 13510.
Court of Appeal of Louisiana, Second Circuit.
March 27, 1978.
Rehearing Denied May 10, 1978.
*1245 Johnson & Johnson by Don H. Johnson, Monroe, for defendant-appellant.
C. Calvin Adams, Jr., Tallulah, for plaintiffs-appellees.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied May 10, 1978.
JONES, Judge.
James A. Everding appeals from a judgment dismissing his suit to annul a sheriff's sale under executory process on an exception of no cause of action filed by mortgagees and from a judgment evicting him from the property seized and sold.
The trial court found the defects alleged were not substantive but were procedural defects cured by the June 1, 1977 recordation of the sheriff's deed in the conveyance books of Madison Parish. LSA-R.S. 13:4112. A certified copy of this deed was made a part of the record by stipulation at the time of hearing on the exception of no cause of action. We affirm.
On December 23, 1974, Charles M. Brown, Marylynn D. Brown, husband and wife, and Eva C. Holt sold to Everding for $100,000 a piece of property located in Madison Parish together with all buildings and improvements. Everding paid $25,000 cash and executed on the same date a $75,000 promissory note payable to his order and endorsed by him secured by a mortgage on the property purchased. The note was payable in five annual installments of $15,000 plus interest beginning January 15, 1976. The mortgage contained a confession of judgment.
The waivers of notice of demand and putting in default contained in the printed mortgage form were deleted by the parties and there was attached to the mortgage an amendment requiring 30 days notice of mortgagor's failure to pay any installment as a condition precedent to his being in default. This notice was required to be sent by registered mail addressed in the manner set forth in the attachment.
The promissory note was paraphed "Ne Varietur" for identification with the act of sale and mortgage and required 30 days notice prior to the debtor's default. However, the note contains language that the maker waives presentment, demand, protest and notice of nonpayment. The latter language conflicts with the provisions of the mortgage and the note requiring 30 days notice of demand.
*1246 The sale with mortgage was signed by the vendors-mortgagees, Charles Brown and Eva C. Holt and by the vendee-mortgagor, James A. Everding. Mr. Brown's signature appears on the bottom of the next to the last page along with the signatures of two witnesses. Ms. Holt and Mr. Everding signed at the top of the last page above the notary's signature.
Everding failed to pay the installment due January 15, 1977 and on March 2nd the mortgagees' attorney sent by registered mail a letter containing the 30 days notice of demand for payment addressed in the manner required by the mortgage. The return receipt for the registered letter indicated it was received by "Susan Lolley" on 3-5-77. The act of mortgage did not require the document of registration to restrict the party who might receive it and the mortgagees made no such requirement at the time the registered letter was sent.
On April 7 the mortgagees filed an executory proceeding to enforce the mortgage, praying for notice of demand to be served on Everding. The mortgagees attached to the petition the act of sale and mortgage, original note, copy of 30 days demand letter, the documents of registration and return receipt, and an affidavit showing balance due. An order for executory process was signed and notice of demand for payment within 3 days pursuant to LSA-C.C.P. Art. 2639 was issued on the same day the proceedings were filed. This notice was served April 11th on James A. Everding by domiciliary service on Mrs. James A. Everding. No payment was made by Everding and on April 14th the writ of seizure and sale was issued by the clerk. The sheriff did not receive the writ in his possession until the 15th after which the notice was personally served on James A. Everding on April 21st.
Everding failed to suspensively appeal the order of executory process and did not seek to enjoin the sale which occurred on June 1. The property was purchased by Brown. The sheriff's deed was recorded in the conveyance books of Madison Parish June 1.
On June 13, Everding filed a petition to annul the judicial sale in the same numbered and styled proceedings as the original executory proceedings, alleging the following defects:
(1) Erroneous description of property in the executory process proceedings.
(2) Lack of authentic evidence to prove the creditor's right to use executory process.
(3) Lack of notice of demand and default.
(4) Premature issuance of the writ of seizure and sale.
(5) Variance between the mortgage and note regarding the provisions for waiver of demand and default.
The issues on appeal are: (1) from pleadings and documents before the trial court on exception of no cause of action were there alleged substantive defects constituting a cause of action to annul; (2) were the alleged defects contained within the documents considered by the trial court procedural, and for this reason did they fail to establish a cause of action to annul?
The appellant's constitutional arguments directed at LSA-R.S. 13:4112 and at the general failure of the proceedings to be conducted in accordance with due process requirements were first raised by him on appeal and for this reason we decline to consider the issue. Gathright v. Smith, 352 So.2d 282 (La.App., 2d Cir. 1977); Johnson v. Welsh, 334 So.2d 395 (La.1976).
"Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both." C.C.P. Art. 2642.
If there are substantive defects in the executory proceedings the sale may be attacked as a nullity even though the debtor failed to exercise his right to take a suspensive appeal or enjoin the sale provided the creditor is the adjudicatee at the sale. Reed v. Meaux, 292 So.2d 557 (La. 1974).
*1247 LSA-R.S. 13:4112[1] provides there can be no action to set aside the judicial sale of immovable property by executory process after recordation of the sheriff's sale or proces verbal by reason of any objection to form or procedure in executory proceedings, or by reason of lack of authentic evidence to support the order and seizure.
The suit to annul, which was filed under the same number as the executory proceedings and bore the same style of executory proceedings, contains allegations which establish that the manner in which it was filed contemplated an adoption of the entire executory proceedings in the pleadings of the nullity action.[2] For this reason the trial court had before it on exception of no cause of action the following documents: (2) the original petition for executory process; (b) notice of demand to Everding with the sheriff's return; (c) writ of seizure and sale; (d) notice of seizure to Everding with the sheriff's return; (e) advertisements; (5) proces verbal; (g) all pleadings in the suit to annul the judicial sale, and (h) the certified copy of sheriff's deed which was stipulated into the record at the hearing of exception of no cause of action.

ERRONEOUS DESCRIPTION
Appellant contends the property description in the creditors' petition for executory process varied from the description in the mortgage and for this reason this is a substantive defect which justifies his cause of action to set aside the sale.
The error consists of an incorrect section number. The original sale with the correct description was attached to the foreclosure proceedings which were made a part of the record. Under these circumstances the defective description is a minor procedural error which at most constitutes a cloud upon the title of adjudicatee and cannot be a substantive defect creating a cause of action to annul the sale.

LACK OF AUTHENTIC EVIDENCE
Appellant urges the failure of creditors to present the original promissory note instead of a copy is a substantive defect. Our review of the record establishes the original note was attached to the executory proceedings and this argument is without merit.
He also urges the act of mortgage was not in authentic form. Our review of the sale with mortgage reflects it was in authentic form. Due to a space limitation on the next to the last page of the act of sale with mortgage the signatures of one of the vendors-mortgagees, the vendee-mortgagor and notary were required to be placed on an additional and last page.
The recitations within the document established it was signed by mortgagees, mortgagor, two witnesses and notary in the presence of each other. There are no allegations in the petition to annul denying these recitations of the mortgage instrument. Under these circumstances the fact that all of the parties, the notary and witnesses did not sign on the same page does *1248 not detract or invalidate an otherwise authentic act, and for this reason appellants' contention is without merit.

LACK OF NOTICE
Appellant urges (1) he did not receive the thirty day notice of demand for payment required by the note and mortgage, and (2) he was not personally served with the notice of demand issued following the filing of the petition for executory process.
When Everding failed to pay in January, 1977, the creditors sent him a letter dated March 2nd notifying him of his failure to pay and of their demand for payment within thirty days and advised him that if he failed to pay they would foreclose. The creditors complied with their obligation in the mortgage to notify Everding of his default thirty days prior to suit because that document did not require him to receive the letter but only required the creditors to send the demand to him at the designated address by registered mail.
Appellant further contends that C.C.P. Arts. 2639[3] and 2640[4] require the debtor to be personally served with the notice of demand for payment and the petition for executory process. He urges unless there is personal service on the debtor, there is no notice of demand and no compliance with due process and therefore is a substantive defect.
C.C.P. Art. 2640 requires only the notice of demand be served on the debtor and this negates any requirement that the petition for executory process be served. See comments to the article, footnote 4, infra.
There is no requirement of personal service of the demand notice. C.C.P. Art. 2640 requires the sheriff to serve the demand for payment upon the debtor unless demand has been waived. C.C.P. Art. 1231 defines two types of servicepersonal or domiciliaryand specifically provides "except as otherwise provided by law, each has the same effect."
The sheriff's return establishes notice of demand addressed to defendant was served upon his wife. Domiciliary service upon the spouse of the debtor of the notice of demand complies with the requirement of C.C.P. Art. 2640. Consolidation Loans, Inc. v. Guercio, 200 So.2d 717 (La.App., 1st Cir. 1967).
Appellant admits in Paragraph 13 of his original petition to annul that he was served with notice of demand: "... plaintiff ... received no notice of demand from Charles M. Brown, et al., until he was served with the `Notice of Demand for Payment' issued in these proceedings on the 7th day of April, 1977."
We note Everding was personally served with notice of seizure. The service of notice of seizure, together with the service of notice of demand and the thirty day registered *1249 letter of demand complied with the executory proceeding requirements.

PREMATURE ISSUANCE OF WRIT OF SEIZURE AND SALE
C.C.P. Art. 2639 provides if the debtor fails to pay the amount due within three days of service of notice of demand for payment, then a writ of seizure and sale will issue and property will be seized and sold.
On April 11, James A. Everding was served through his wife with the notice of demand for payment. On April 14, a few hours less than three full days, the clerk prepared a writ of seizure and sale.
We note under the provisions of C.C.P. Art. 2721[5] the sheriff is specifically mandated not to serve the writ of seizure and sale before expiration of the delay allowed for payment required by C.C.P. Art. 2639 (three days). The writ was not received by the sheriff until April 15 (more than three full days following the April 11th service) and was not served upon defendant until April 21st.
Under these circumstances the very most that can be said for defendant's complaint that the clerk issued the writ of seizure and sale a few hours less than three full days following service of demand is this is a minor procedural error which is not a ground for annulment.

VARIANCE BETWEEN THE MORTGAGE NOTE
The mortgage provides demand must be made upon the debtor and he must be put in default. These requirements were waived at one place in the promissory note but were reiterated at another place in the note. Appellant urges the note and mortgage substantially differ and cannot be a basis for executory proceedings.
Although the language of the mortgage and note differ, we note that both instruments require the thirty day notice of demand and that the creditors did comply with the more restrictive covenants of mortgage by giving said thirty day notice and obtaining service of the statutory three day demand notice on the debtor. This variance fails to strike at the foundation of the creditor's right to use executory process and is not such a variance as to constitute a cause of action to annul. Slidell Building Supply, Inc. v. IDS Mortgage Corporation, 273 So.2d 343 (La.App., 1st Cir. 1972).
The sheriff's deed of June 1, 1977, where Everding's property was sold to the creditor, Charles M. Brown, is valid and cannot be attacked by a suit to annul because defects alleged were procedural and cured by recordation of the deed on June 1st. LSA-R.S. 13:4112. For that reason the subsequent judgment evicting Everding from the property sold at the sheriff's sale is correct and will not be disturbed on appeal.
For reasons assigned, the judgments are affirmed at appellant's costs.
NOTES
[1] LSA-R.S. 13:4112 Actions to set aside or annul judicial sales in executory proceedings

"No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish...."
[2] The following quotations are taken from paragraphs 4 and 8 of the nullity petition:

"4. The writ of seizure and sale referred to hereinabove was issued pursuant to a petition for executory process filed by Charles M. Brown and Marilyn D. Brown and Eva C. Holt, all major residents of Madison Parish Louisiana, and defendants herein. Said petition was filed on April 7, 1977, in the Sixth Judicial District Court of Madison Parish, Louisiana, in the same numbered and entitled proceedings as the present suit.
"8. Not only was said property described erroneously in the petition, said property was described erroneously in the notice of demand of payment issued by the Clerk of Court's office in Madison Parish, Louisiana, as will more fully appear from the original record of the proceedings in this matter." * * * (emphasis added)
[3] Art. 2639. Demand for payment

"Before issuing the writ of seizure and sale, the clerk shall issue a demand upon the defendant for payment of the amount due and all costs of court. This demand shall notify the defendant that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the property described in the petition will be seized and sold according to law.
"The demand for payment need not be issued if it has been waived by the debtor in the act of mortgage or privilege; and in such event, the clerk shall issue the writ of seizure and sale immediately."
[4] Art. 2640. Citation unnecessary; service of demand for payment

"Citation is not necessary in an executory proceeding.
"The sheriff shall serve upon the defendant the demand for payment provided by Article 2639, unless waived by the debtor as provided therein.
Official Revision Comment
"It is not necessary that a certified copy of the plaintiff's petition and of the court order rendered thereon be served upon the defendant in an executory proceeding. Exchange and Banking Co. v. Walden, 15 La. 431 (1840); Nash v. Johnson, 9 Rob. 8 (La. 1844); Aillet v. Henry, 2 La.Ann. 145 (1847); Snow v. Trotter, 3 La.Ann. 268 (1848); Hart v. Pike, 29 La.Ann. 262 (1877); Rogers v. St. Martin, 110 La. 80, 34 So. 137 (1903). For this reason service of a certified copy of the petition and court order is not required to be served on the defendant under this article."
[5] § 2721

"The sheriff shall seize the property affected by the mortgage or privilege immediately upon receiving the writ of seizure and sale, but not before the expiration of delay allowed for payment in the demand required by Article 2639, unless this demand has been waived.
"The sheriff shall serve upon the defendant a written notice of the seizure of the property."