DOMENGEAUX, Judge.
The excellent written reasons rendered by the district judge in this case are fully dispositive of the issues presented. Therefore, with some omission, we adopt them as our own.
This is a suit to annul a mortgage foreclosure by executory process and to recover damages on the grounds that part of the evidence on which the Court based its order for seizure and sale of the property was not authentic in form and no notice of demand for payment was ever issued. It has been brought by the mortgagors (or the heirs of one) against the mortgagee, who purchased the property at the sale and apparently is still in possession thereof. Exceptions of res judicata and no right or cause of action, based principally on the plaintiff’s failure to suspensively appeal from the order for seizure and sale or to arrest same through an injunction proceeding, have been referred to the merits.
In suit No. 4508 on the docket of this Court John H. Meaux, defendant herein, proceeded to foreclose via executiva on three mortgage notes made payable to his order one year after their respective dates. One in the sum of $300.00 was executed by Henry Reed on April 22, 1963. Another for $700.00 was signed by Mrs. Cordelia R. Reed, as tutrix of the minors, Robert, Paul, Doris, Helen and Hazel Reed, on January 14, 1966. And the third for $600.-00, dated June 14, 1966, was executed by Mrs. Reed, as tutrix of the said minors and by Mrs. Patricia Reed Baptiste and Mrs. Betty Reed Young. Apparently, the latter two persons and the minors were the only children of Henry Reed, who died intestate on May 5, 1964. Although Mrs. Cordelia R. Reed was duly confirmed as natural tutrix of the minors and obtained Court authority to execute the notes, the Succession of Henry Reed was never opened and no succession representative was ever appointed. All of the defendants in the foreclosure proceedings were nonresidents of this state and therefore an attorney at law practicing in Cameron was appointed to represent them. He accepted service of the petition and order, waived citation, but reserved all of the defendants’ other rights. The curator ad hoc wrote letters to the defendants informing them of the proceedings and mailed same to Texas addresses furnished by the mortgagee’s attorney. However, these letters were returned unclaimed as the defendants no longer resided at such addresses.
*572 The first two notes mentioned were properly described in and paraphed for identification with the respective authentic acts of mortgage securing same. However, the third note was not paraphed by the notary for identification with the mortgage and there is a variance between the date of the note, June 14, 1966, and that of the mortgage, June 9, 1966, which appears just above the signature of the notary public.
The petition for executory process was not verified. However, attached thereto was an affidavit by Mr. Meaux dated January 7, 1970, reciting his ownership of the notes and the amounts due thereon in principal, interest and attorney’s fees. The principal sums declared to be due were the same as in the notes, indicating that no payments had been made on the principal of any of the notes. The affidavit further recited that the interest on Note No. 1 was paid up to April 22, 1965. The petition contained unverified allegations setting forth that the makers were in default, the death of Henry Reed and the necessity for appointment of an attorney to represent the absent defendants.
The order for executory process was signed on January 9, 1970, but the proceeding was not filed with the Clerk of Court until January 13, 1970, on which date a writ of seizure and sale was issued without any notice of demand for payment. Seizure was made and after due advertisement the property was sold without ap-praisement to the mortgagee for $300.00 on March 4, 1970. The mortgagors took no action in connection with the foreclosure until the present suit to annul same was filed on May 26, 1970.
The defendant-mortgagee contends in this suit that the plaintiffs’ remedies, if any, were either to take a suspensive appeal from the Court’s order for executory process or to enjoin same, and having failed to do so timely it has become final and res judicata. His exception of no right or cause of action is based on the contention that the plaintiffs have not alleged any of the grounds for nullity of judgment provided in Articles 2002 and 2004 of the Louisiana Code of Civil Procedure. Alternatively, the defendant contends sufficient authentic evidence was presented to justify the issuance of the order for seizure and sale on the basis of the first two notes and mortgages even though the third note may not be deemed to be authentic for the purpose of executory process. On the other hand, the plaintiffs contend they were unaware ó'f the' fofe’&'osure sale, and since the property is still in the hands of the mortgagee-adjudicatee they are entitled to establish the nullity of the sale in this subsequent action despite their failure to appeal or enjoin same.
The defendant’s exceptions of res judi-cata and no right or cause of action must be overruled.
Aside from the fact that the present suit contains the additional issue as to nullity vel non of the order for executo-ry process, as this Court appreciates the jurisprudence, a mortgagor may in a subsequent action successfully attack the validity of such an order when issued without sufficient authentic evidence despite his failure to suspensively appeal therefrom or to enjoin the proceedings where the mortgagee was the adjudicatee at the sale and the property has not passed out of his hands.
Although innocent third parties will be protected if the mortgaged property passes into their hands without the mortgagor availing himself of the remedies of appeal or injunction, it seems rather clear to this Court that where the property remains in the hands of the mortgagee-adjudicatee the mortgagor is entitled to nullify such a sale in a subsequent suit even though no appeal or injunctive action was taken previously. [League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), Tapp v. Guaranty Finance Company, 158 So.2d 228 (La.App. 1 Cir. 1963), Doherty v. Randazzo, 18 So.2d 669 ([La.App.] 1961)]
*573 Since in this case the mortgagee was the purchaser of the property at the foreclosure sale and no rights of innocent third parties have intervened, the defendant’s exceptions are unavailing.
Turning now to the merits, unquestionably the third note mentioned above was not authentic for the purpose of exec-utory process because it was not paraphed for identification with the act of mortgage securing same and there is a variance between it and the mortgage as to the note’s date. LSA-C.C.P. Art. 2636 and the authorities cited in Comment (c) under Art. 2635. Consequently, the executory proceedings would be null and void unless the other two notes and mortgages are a sufficient basis therefor.
As mentioned hereinabove, each of these notes was duly described in and par-aphed for identification with the respective authentic act of mortgages securing same. As the original notes and duly certified copies of the mortgages were attached to the petition, the requirements of Article 2635 of the Louisiana Code of Civil Procedure in regard to the authentic evidence necessary to prove the plaintiff’s right to use executory process to enforce the mortgages were complied with.
Article 2637 provides that evidence as to the proper defendant, or necessity for appointing an attorney at law for an unrepresented defendant, or a breach of a condition in the mortgage maturing the obligation “need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.”
This Court believes .that the affidavit attached to the petition was sufficient proof that the makers defaulted in payment of Notes 1 and 2 at maturity one year after their respective dates. However, the only thing presented in regard to the proper defendants with respect to Note 1 and the necessity for appointment of an attorney to represent the absent defendants were the allegations relating to these facts in the unverified petition.
In Ford Motor Credit Company v. Herron, 234 So.2d 517 (La.App. 3 Cir. 1970) the Court held that the failure to establish a default in payment of the note by verified petition or attached affidavit was not essential to the validity of a prior foreclosure by executory process. Although the decision was based primarily on a presumption of non-payment, the Court indicated that the mortgagor’s remedy as to deficiency of proof on this subject was to appeal from or enjoin the order for seizure and sale. It thus appears that while a failure to submit with the petition the authentic evidence of the note and mortgage required by Article 2635 is fatal to an execu-tory process proceeding unless the rights of third parties are involved, noncompliance with Article 2637 relating to evidence that need not be authentic does not result in absolute nullity. In the latter instance the mortgagor should assert such defense by way of appeal or injunction in the exec-utory proceedings.
Since the proceeds derived from the foreclosure sale were insufficient to satisfy the obligations of either Notes 1 or 2, in the Court’s opinion the fact that Note No. 3 was lacking in authentic form was of no significance. Either Notes 1 or 2 and their respective mortgages were sufficient to establish the plaintiff’s right to employ executory process to enforce the obligations of the respective mortgagors through seizure and sale of the property. Under these circumstances, Note No. 3 and its mortgage were mere surplusage.
The plaintiffs’ contention that the sale was null because no demand for payment was served on the debtors prior to seizure and sale is likewise without merit. LSA-C.C.P. Art. 2639 expressly provides that a demand for payment need not be issued if it has been waived by the debt- or in the act of mortgage and in such case the Clerk shall issue the writ of seizure *574 and sale immediately. The mortgages securing both Notes 1 and 2 expressly waived appraisement, the three day’s delay for payment before issuance of the order of seizure and sale and other notices. Consequently, the debtors under those mortgages have no standing in Court to complain of the Clerk’s failure to issue a demand for payment for and the lack of service of such on them despite the fact that the prayer in the petition for executory process asked for issuance of the writ of seizure and sale “after due delays”.
The trial judge then concluded that the executory proceedings being challenged, including the sale of the interests of the parties covered by the mortgages securing Notes 1 and 2, were valid.
For the same reasons, we also conclude that they were valid and accordingly affirm the judgment of the district court at Plaintiff-Appellants’ costs in both courts.
Affirmed.