BARRY, Judge.
Dr. and Mrs. Frank M. Chalaire appeal from a judgment dismissing their suit to *304 annul a Sheriff’s sale by executory process on an exception of no cause of action filed by the mortgagee.
On November 27, 1974 Dr. Chalaire was the lessee in a sale/leaseback agreement with Taurus Leasing Corporation — the lease was secured by a five year $42,750.00 second mortgage signed by both appellants on their home. The Chalaires’ last monthly payment on January 15, 1979 made their mortgage paid through October 27, 1978. The mortgagors made no further payments and on July 25,1979 Taurus filed a petition for executory process alleging an unpaid balance of $8,550.00 and a writ of seizure and sale was issued.
The sheriff was unable to serve the defendants so Taurus filed a supplemental petition alleging the Chalaires could not be found and a curator ad hoc was appointed upon whom notice of demand and seizure was served. Defendants’ mortgaged property was duly advertised and sold on October 18,1979 for $81,025.00 by public auction to the highest bidder. Taurus’ claim including interest and fees amounted to $10,-482.34, defendants’ vendor’s lien and other expenses were deducted, leaving a balance of $52,146.84 which was subsequently paid to Dr. and Mrs. Chalaire.
On November 30, 1979 defendants filed an unverified Motion to Vacate Judgment alleging the executory proceedings were defective because Dr. Chalaire was on active duty with the United States Army prior to and at the time of the executory process, and that Taurus’ counsel was aware of Dr. Chalaire’s military status. Additionally, defendant’s Motion to Vacate included a charge of deficiency in the authentic evidence and procedural errors in the executo-ry process.
Taurus filed exceptions of no cause and no right of action. The district court maintained the exception of no cause of action and dismissed the Motion to Vacate without providing reasons for judgment.
Defendants’ appeal raises one issue and specification of error:
The district court erred manifestly in ruling that the Soldiers and Sailor’s Civil Relief Act does not provide a cause of action in Louisiana law.
Where a serviceman’s property is seized and sold without any notice to him, does the Soldiers and Sailor’s Civil Relief Act provide a cause of action and relief to him under Louisiana law?
Defendants argue and cite, and we agree, that the Soldiers’ and Sailors’ Civil Relief Act, 50 U.S.C.A. App. § 501 et seq. has been adopted and followed in Louisiana. Pailet v. Ald, Inc., 194 So.2d 420 (La.App. 4th Cir. 1967). Defendants interpreted the trial court’s dismissal of their Motion to Vacate as meaning that the Act does not provide a cause of action in Louisiana. We interpret the trial court’s decision as meaning that the defendants simply failed to state a cause of action under the Act because Taurus did what it was required to do, i. e., petition the court for appointment of a curator to represent the absent defendants. Section 520(1) of the Act provides:
If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment.
The appointment of a curator was the proper means to effect service on the two absentee mortgagors and meets the requirements of the Act which are designed to protect members of the military. A creditor cannot be expected to file a nonmilitary affidavit if the status of the debtor is unknown. The creditor’s alternative is to have a curator appointed to receive notice of demand and any other pleadings.
We fail to find any evidence in the record which shows that Taurus or its counsel had knowledge of Dr. Chalaire’s military status. Counsel for Taurus executed a sworn affidavit that to the best of his knowledge, information and belief the address and loca *305 tion of the defendants were unknown necessitating appointment of an attorney upon whom notice of demand and seizure was effected. There is no claim that Mrs. Chalaire, the co-defendant and co-mortgagor, was in the military.
Section 520(4) of the Act provides for setting aside a judgment against a person in the military service “provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof”. Defendants’ argue that they had legal defenses which could have been available, but we fail to find any meritorious evidence or any proof to contradict the fact that Dr. Chalaire defaulted on the mortgage and that both defendants owed the balance sued upon.
We feel that LSA-R.S. 13:4112 is applicable:
No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proeés-verbal of the sale or filed the sale for recordation in the conveyance records of the parish.
If there are substantive defects in the executory proceedings the sale may be attacked as a nullity even though the debt- or failed to exercise his right to take a suspensive appeal or enjoin the sale providing the creditor is the adjudicatee at the sale. Brown v. Everding, 357 So.2d 1243 (La.App.2nd Cir. 1978). However, here the sheriff’s proeés-verbal of the sale shows the “... last and highest bidder for the account of Vivian Dougherty, wife of/and Alvin C. Huber ...” as the adjudicatees of the auctioned property. This is obviously an effort to prevent fraud and makes an exception where a disinterested third party is the buyer, as in this case.
We are cognizant the Act was passed in 1940 and the intent was to protect members of the military who are interested in foreclosure sales of mortgaged property, but the Act also provides relief to mortgagees who could suffer financial loss if compelled to wait until military service is terminated before exercising appropriate legal remedies. The Act is not intended to grant immunity to a mortgagor from liability, but rather to establish safeguards to protect members of the military during their absence.
For the foregoing reasons the judgment of the District Court is affirmed with appellants to pay all costs.

AFFIRMED.