477 So.2d 847 (1985)
BANK OF ST. CHARLES
v.
Mary ERIS, Wife of/and J. Bradley Oubre.
No. 85-CA-256.
Court of Appeal of Louisiana, Fifth Circuit.
October 10, 1985.
*848 Don Almerico and Jerome A. Kunkel, St. Rose, for plaintiff-appellant.
Remy F. Gross II, La Place, for defendants-appellees.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
CHEHARDY, Judge.
In this suit, the Bank of St. Charles sought a deficiency judgment following foreclosure of a mortgage by executory process. Defendants, Mary Eris Oubre and J. Bradley Oubre, filed a peremptory exception of no cause of action (incorrectly titled "No Right or Cause of Action" by defendants). They alleged that the collateral mortgage note and the collateral mortgage in the executory proceedings were not invariable and identifiable with each other, rendering the executory proceedings materially defective and barring a deficiency judgment against defendants.
The district court maintained the exception, whereupon the bank applied to this court for supervisory writs. We denied the application, stating that plaintiff would have adequate remedy by appeal. Immediately upon denial of the writ application the bank filed a motion for appeal.
In its reasons for judgment the district court stated, in pertinent part:
"It is well settled law that executory process is a harsh remedy and there must be strict compliance with the letter of the law. Equally well settled is that a variance or discrepancy between note and mortgage is fatal to issuance of executory process. And, finally, that while such variance or discrepancy might not nullify the sale and seizure had under such circumstances, the variance or discrepancy will bar a claim for deficiency judgment.
"The Bank does not appear to seriously question the above stated law. However, it insists that the exception attacks matters not contained in the petition for deficiency judgment and, hence, these matters cannot be considered under the exception and the well pleaded facts defeat the exception. * * *
"This court is of the opinion that the note and mortgage is sufficiently pleaded in the petition for deficiency judgment to allow the exception."
On appeal the bank contends the trial judge impermissibly looked beyond the facts peaded in the petition when ruling on the exception and erred in not accepting as true the facts pleaded in that petition.
The long-established rule for determining the merits of an exception of no cause of action is that it must be tried on the face of the petition and that for purposes of the exception well-pleaded facts contained in the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Further, no evidence *849 other than the pleadings and attachments thereto may be accepted for purposes of the exception.
Plaintiff argues, "[T]he trial judge erred in considering a mortgage and note which were not attached to the pleadings and contained nowhere in the instant record * * *."
Defendants point out that when the bank filed suit for executory process, it attached to its petition the mortgage note and collateral mortgage made the subject of this exception. In seeking the deficiency judgment the bank converted the executory proceeding into an ordinary proceeding, rather than filing a separate suit. See LSA-C. C.P. arts. 2644, 2772.
In its petition for a deficiency judgment, the bank described the notes and mortgages made the basis of its suit and referred to them as "Plaintiff's Exhibit `A-1' to the original petition filed in the above captioned proceeding [$17,680 promissory note]," "Plaintiff's Exhibit `A-2' to the original petition in the above captioned proceeding [$143,865.53 promissory note]," "Plaintiff's Exhibit `B-1' to the original petition herein [$25,000 collateral mortgage note]," "Plaintiff's Exhibit `C' to the original petition herein [$150,000 collateral mortgage note]," and "Plaintiff's Exhibit `C-1' to the original petition herein [certified copy of act of mortgage]."
We conclude, as did the trial judge, that such references sufficiently incorporated the documents to make them a part of the petition for deficiency judgment. Thus the court looked only at the face of the papers in considering these on the exception. They were not extrinsic evidence.
These documents show that the $150,000 demand note was dated September 25, 1981, as was the act of collateral mortgage securing it; the $150,000 note, however, was paraphed,
 "NE VARIETUR
In conformity with an act of COLLATERAL
 MORTGAGE passed before
 me this day SEPTEMBER 30, 1981
 [signed] Emile R. St. Pierre
 Notary Public"
As this court stated in Bank of St. Charles, etc. v. Great So. Coach, 424 So.2d 462 (La.App. 5 Cir.1982), executory process is a unique and harsh remedy, therefore the rules allowing a creditor to employ it must be strictly construed.
"The requirement of authentic evidence to support every link in the chain of evidence in an executory proceeding is the very foundation of executory process. `To justify the order of seizure and sale every muniment of title, and every link of evidence must be in the authentic form.' [Citation omitted.]" Id., at 463.
The variation in date on the paraph of the $150,000 note and the date on the act of collateral mortgage is a break in the chain of authentic evidence. Clearly, then, the bank is not entitled to a deficiency judgment, having violated the sanctity of executory process. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); First Guar. Bank v. Ratcliff, 424 So.2d 289 (La.App. 1 Cir.1982), writs denied 432 So.2d 265.
For the foregoing reasons, the judgment of the district court is affirmed. Appellant is to pay all costs.
AFFIRMED.