505 So.2d 1175 (1987)
Eric B. FRANCE, et al.
v.
AMERICAN BANK.
Nos. 86-CA-703, 86-CA-704.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
Rehearing Denied May 18, 1987.
Patrick D. Breeden, New Orleans, for plaintiff-appellant.
Donald A. Meyer, Robert J. Brilliant, New Orleans, for defendant-appellee.
Before CHEHARDY, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from the granting of a motion for summary judgment in favor of defendant/appellee, American Bank and against plaintiffs/appellants, Eric B. France and/or Hilda Miller (France), dismissing the consolidated actions filed by France seeking inter alia to annul sheriff's sales conducted pursuant to executory process. We affirm.
France filed suit against American Bank on January 23, 1986 seeking to annul the Sheriff's sales of certain immovable and movable property which had been seized and sold through executory process.[1] The *1176 Sheriff's sales were recorded in the conveyance records of the Parish of St. Charles on June 27, 1985 (# 28-823) and on August 2, 1985 (# 28-822). France also seeks damages for the allegedly wrongful seizure.
American Bank filed a motion for summary judgment asserting that there was no issue of material fact. In addition, the bank sought to cancel the Notice of Lis Pendens filed against the property by France.
The trial judge granted the Motion for Summary Judgment, dismissing with prejudice the consolidated petitions. In addition, the court also cancelled the Notice of Lis Pendens.
Appellant now specifies the following errors:
1. That the trial court erred in holding that a variance in the date of the paraph of the note and the date of the collateral mortgage was a procedural defect;
2. That the trial judge erred in holding that Louisiana Revised Statute 13:4112 applied to substantive error as was involved in this case relative to the paraph, and
3. That the trial court erred in holding the Louisiana Revised Statute 13:4112 barred a suit for damages due to this illegal seizure and sale of France property.

VARIANCE IN DATE OF PARAPH OF NOTE AND DATE OF COLLATERAL MORTGAGE
Both counsel agree that the date on the paraph of the collateral mortgage note (November 4, 1983) is at variance with the date on the demand note and the date on the act of collateral mortgage (November 9, 1983).
We note at the outset that some of the property consists of both moveables and immovables. We therefore address each type separately.
With regard to immovable property, the applicable statute is L.S.A.-R.S. 13:4112 which provides in pertinent part as follows:
[n]o action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reasons of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the process verbal of the sale or filed the sale for recordation in the conveyance records of the parish. Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings. [Emphasis supplied].
In Brown v. Everding, 357 So.2d 1243 (La.App. 2nd Cir.1978), the court held that "[i]f there are substantive defects in the executory proceedings the sale may be attacked as a nullity even though the debtor failed to exercise his right to take a suspensive appeal or enjoin the sale provided the creditor is the adjudicatee at the sale. Reed v. Meaux, 292 So.2d 557 (La.1974)." *1177 [Emphasis supplied]. Brown, supra, 357 So.2d at 1246. See also Taurus Leasing Corp. v. Chalaire, 400 So.2d 303 (La.App. 4th Cir.1981), writ denied 406 So.2d 604 (La.1981).
Therefore, although France did not seek an injunction on the grounds he asserts in the suit to annul, nor has taken an appeal from the order directing the seizure and sale, he nonetheless can raise certain defects in his suit to annul when the property remains as in the instant case in the hands of the seizing creditor. Brown, supra; Reed, supra.
Moreover, the Brown court construed L.S.A.-R.S. 13:4112 to mean that compliance with the statute through recordation of the sale serves to cure any procedural defects.
In the instant case, the Sheriff has filed the sales for recordation. Thus, the sales of the immovables which remain in the hands of the foreclosing creditor can only be annulled for a substantive defect. L.S.A.-R.S. 13:4112; Brown, supra; Taurus, supra; Reed, supra.
While France asserts that the error is a substantive one, American Bank contends that it is procedural. Since L.S.A.-R.S. 13:4112 does not define "procedural" or "substantive" we turn to our jurisprudence.
In Reed, supra our Louisiana Supreme Court considered a suit to annul a sheriff's sale when the property remained in the hands of the seizing creditor. The Reed court determined that an action to annul can only be maintained if the defect is fundamental to the executory process.
The Louisiana Supreme Court in Reed did not clearly define those elements which are fundamental to executory process so as to constitute grounds for an annulment of a sale. However, the Reed court did provide a few examples of certain fundamental factors. It noted that:
[t]he requirements of authentic evidence under Article 2635 of the Code of Civil Procedure are limited to evidence of: 1) the mortgage or privilege on the property sought to be seized and sold; 2) the amount of the indebtedness sought to be enforced; and 3) the creditor's right to enforce the mortgage and privilege under executory process. Buckner v. Carmack, 272 So.2d 326 (La.1973). [appeal dismissed by Carmack v. Buckner, 417 U.S. 901, 94 S.Ct. 2594, 41 L.Ed2d 207 (1974) ]. Reed, supra 292 So.2d at 573.
Although our Louisiana Supreme Court has not yet considered whether such a discrepancy in the date is fundamental to executory process and constitutes a substantive error, it did indicate in dicta in Reed v. Meaux, 292 So.2d 557, 572 (La.1973) that such a discrepancy would not nullify the executory proceeding. It therefore disagreed with the third circuit which had concluded that such a defect nullifies the executory proceeding. Reed v. Meaux, 262 So.2d 570 (La.App. 3rd Cir.1972).
American Bank has filed two affidavits in support of its motion for summary judgment attesting to the error being a typographical error. The notary averred that all documents were in fact confected on November 9, 1983 and that the "Ne Varietur" language giving the date of November 4, 1983 was a typographical error. In addition, the individual who prepared the documents also attested to the notary's statements that the documents were all prepared on the same date and that the typographical error was made on the paraph.
No counter-affidavits were filed by France. However, we note that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." [Emphasis supplied]. L.S. A.-C.C.P. Article 967.
We conclude that whether the particular defect asserted herein constitutes a procedural or substantive error rests upon a judicial/legislative determination rather than upon a factual conclusion. The issue is not whether a typographical error was made but rather whether such a discrepancy between the date on the mortgage and the date on the paraphed note is fundamental to executory process. Reed, supra.
Therefore, the affidavits filed in support of the motion for summary judgment *1178 would be inadmissible in evidence insofar as showing that the error was a procedural one as opposed to a substantive one. L.S. A.-C.C.P. Article 967; See also, Barham & Churchill v. Campbell & Associates, 503 So.2d 576 (La.App. 4th Cir.1986).
Although we recently held that a variance in the date of the paraph of a note with an act of collateral mortgage and the date of the note breaks the chain of authentic evidence, Bank of St. Charles v. Eris, 477 So.2d 847 (La.App. 5th Cir.1985), we note that the Eris case is distinguishable from the case at bar.
In Eris, supra we considered the defect described herein to preclude the creditor's right to a deficiency judgment. Our Louisiana jurisprudence has recognized a suit for a deficiency judgment to be distinguishable from a suit to annul. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968). Furthermore, L.S. A.-R.S. 13:4112 specifically states that "[n]othing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings."
Therefore, while the defect asserted in the instant case would preclude American Bank's right to a deficiency judgment, Eris, supra, it need not necessarily preclude a suit to annul. League, supra; L.S. A.-R.S. 13:4112.
In Colonial Financial Service v. Stewart, 481 So.2d 186 (La.App. 1st Cir.1985) the First Circuit considered a petition for injunction claiming that the petitioner was not entitled to pursue the claim through executory process. The court viewed L.S. A.-R.S. 9:5305 as "authority for the proposition that a note need not be paraphed if it can be identified in all respects with the act of mortgage so that there can be no doubt that the two instruments are in fact related and that one stands as security for the other. Pepper v. Dunlap, 16 La. 163 (1840); See Babin v. Winchester, 7 La. 460 (1834); U-Finish Homes, Inc. v. Lanzl, 202 So.2d 339 (La.App. 1st Cir.1967)." Colonial, supra 481 So.2d at 189.
In Colonial, supra the court found that the necessary acts were in authentic form and identified with sufficient detail so that they could be identified with the note, although not paraphed for identification. Moreover, the Colonial court looked to L.S.A.-C.C.P. Article 2635 to determine the necessary exhibits to support executory process and correctly noted that no language regarding a paraph is indicated.
L.S.A.-C.C.P. Article 2635 provides that:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process.
This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage regarding the obligation to pay attorney's fees shall not preclude the use of executory process.
Moreover, L.S.A.-R.S. 9:5305 provides that:
The notes, bonds, or other obligations secured by the mortgage need not be paraphed if the act of mortgage identifies them by date, number, amount, and date when payable.
Our review of the documents in support of the motion for summary judgment indicate that there is sufficient detail to identify the note with the mortgage.
We therefore conclude that the discrepancy in the date cannot be considered so *1179 fundamental as to defeat the sheriff sale. Thus, the defect is a procedural one which was cured by the recordation. L.S.A.-R.S. 13:4112.
Since L.S.A.-R.S. 13:4112 does not apply to moveables, we rely on Reed, supra for determining when a Sheriff's sale can be annulled. As noted previously, the defect asserted must be fundamental. Reed, supra. Since we have concluded that the discrepancy noted is not a substantive defect sufficient to annul a Sheriff's sale of an immovable, we also conclude that it would not serve to annul the sale of moveable property.

ACTION FOR DAMAGES
France also seeks damages from American Bank for the allegedly illegal seizure and sale of the property. The trial judge also granted American Bank's motion for summary judgment insofar as the damage claim.
In Osborne v. Mossler Acceptance Co., et al, 214 La. 503, 38 So.2d 151 (1948) the court evidently recognized a cause of action for damages when the seizure and sale were illegal, that is, there was a lack of an authentic act.
Our brothers in the fourth circuit in dicta have indicated that there is no cause of action for damages when the seizure and sale are lawful. Acme Mortgage Co., Inc. v. Cross, 464 So.2d 945 (La.App. 4th Cir. 1985).
In Bickham Motors, Inc. v. Grain, 185 So.2d 271 (La.App. 1st Cir.1966), the first circuit approved the holding in Osborne, supra in recognizing that "the debtor has a right to damages for the seizure and sale of his property by illegal executory process." Bickham, supra at 275.
Furthermore, the first circuit in Tapp v. Guaranty Finance Company, 158 So.2d 228 (La.App. 1st Cir.1963), writ refused 160 So.2d 228 (La.1964) recognized an action for damages for "illegal orders, seizure and sale" of property pursuant to L.S.A.-C.C. Article 2315.
We find that the discrepancy complained of is insufficient to constitute an illegal seizure and sale for the reasons stated.
Therefore, since France has only alleged facts relative to an illegal seizure and sale in support of his claim for damages, we conclude that the trial judge correctly granted the bank's motion for summary judgment insofar as the damage claim is concerned.[2]
Accordingly, for the reasons stated, the judgment granting the motion for summary judgment is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] There were two petitions for executory process filed on behalf of American Bank in proceedings numbered 28-822 and 28-823. On June 7, 1985, France filed a petition for injunctive relief seeking to enjoin the Sheriff's sale of the property in suit 28-823 contending that the petition for executory process lacked certain requisite allegations. After the denial of the injunction, a writ was taken in number 28-823 (No. 85-C-335, La.App. 5th Cir., June 11, 1985) and was denied on that date. No appeal was taken from that denial. In No. 85-C-335 we considered the denial of a temporary restraining order to the executory process.

In that writ application we considered alleged defects in the petition which are not asserted in this appeal. In denying the writ we held that:
[a]pplicant's contention that the petition for executory process lacks the requisite allegation of default is without merit. The trial court was correct in concluding that the collateral mortgage note and the handnote were demand notes; hence, default need not be alleged to state a cause of action. Bank of Coushatta v. Dry, 408 So.2d 999 (La.App. 2nd Cir.1981).
Additionally, applicant's contention that failure to allege the annexation of the handnote in the body of respondent's petition is without merit. Applicant does not dispute that the affidavit of the creditor alleged that the handnote was annexed and that the handnote was filed contemporaneously with the petition. Code of Civil Procedure Article 2637(c) provides "The existence of the actual indebtedness may be proven by verified petition, with the handnotes....attached as an exhibit to the petition."
[2] France asserts on appeal however, that the trial court should have allowed him an opportunity to amend his petition. We find that France failed to set forth factual allegations of any other damage claim other than one based upon the alleged illegal seizure. He failed to present any other allegations in opposition to the motion for summary judgment at the hearing.

We note on our own motion that his petition fails to set forth a cause of action L.S.A.-C.C.P. Article 927; Joiner v. Wilson, 377 So.2d 583 (La.App. 3rd Cir.1979); Evans v. Evans, 408 So.2d 5 (La.App. 3rd Cir.1981); Burchfield v. State of Louisiana, Department of Public Safety, Office of Motor Vehicles, License Control Bureau, 432 So.2d 1149 (La.App. 3rd Cir.1983). We also find that France's allegation that the alleged illegal seizure and sale based upon the discrepancy in the date is insufficient to state a cause of action for damages.
No amendment to the petition could remove the bar to a suit for damages based upn an illegal seizure and sale when we have determined that such seizure and sale were lawful. L.S.A.-C.C.P. Art. 934.