FRED W. JONES, Jr., Judge.
Plaintiff bank appealed a judgment enjoining it from proceeding by executory process because of an inconsistency between the date of the paraph on a collateral mortgage note and the date of the collateral mortgage which allegedly secured the note. For the reasons hereinafter explained, we affirm.
United Mercantile Bank (“UMB”) filed suit against Stephen Schwartz and Cynthia Schwartz alleging it was the holder of a promissory note made by defendants for $25,525.41 dated August 8, 1985, secured by the pledge of a collateral mortgage note dated September 27, 1979, for $15,000. The latter was alleged to be secured by a collateral mortgage also dated September 27,1979. However, the paraph on the copy of the collateral mortgage note filed in the proceedings indicated that it was identified with a mortgage dated October 2, 1979. Plaintiff sought to foreclose on the property described in the collateral mortgage by executory process.
The defendants filed a petition to enjoin the proceeding by executory process because of the inconsistency between the date of the paraph on the collateral mortgage note and the date of the mortgage allegedly securing that note. Defendants also asserted the debt to UMB had been paid on or about August 6, 1980.
The trial court ordered a hearing to determine whether the preliminary injunction sought by defendants should be issued. When the matter initially came up for trial, it was ordered continued. However, after filing of a stipulation by the parties, the trial court directed that Federal National Mortgage Association (“FNMA”) file a petition of intervention asserting a superior privilege. In compliance therewith, FNMA filed a petition of intervention alleging that on or about August 6, 1980 it executed two money orders which paid off two promissory notes held by UMB and which constituted the only encumbrance of the Schwartz property' described in the collateral mortgage.
Following a trial, the trial judge reasoned that on the face of the pertinent documents executory process was inappropriate due to the inconsistency between the date on the paraph of the collateral mortgage note and the date on the collateral mortgage and relegated plaintiff to ordinary process. Other issues raised by the defendants and FNMA were bifurcated for a hearing at a later date.
UMB appealed the judgment incorporating these rulings, contending the trial court erred in issuing the injunction prohibiting appellant from proceeding by executory process.
La.C.C.P. Article 2635 provides in part:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
1) The note, bond or other instrument evidencing the obligation secured by the mortgage or privilege.
2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
With reference to authentic evidence, La. C.C.P. Article 2636 provides in part:
The following documentary evidence shall be deemed to be authentic for purposes of executory process:
1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege, paraphed for identification with the act of mortgage or privilege by the notary or other officer before whom it is executed;
*520 Because of the summary nature of the remedy, the law has surrounded exec-utory process with safeguards for the protection of the debtor. If a petition for executory process is not supported by authentic evidence, the remedy is unavailable and the creditor’s alternate remedy is by ordinary process. American Bank & Trust Co. in Monroe v. Carson Homes, Inc., 316 So.2d 732 (La.1975).
The requirement of authentic evidence to support every link in the chain of evidence is the foundation of the use of executory process. Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (1884). Executory process is a unique and harsh remedy requiring strict construction. Bank of St. Charles v. Great So. Coach, 424 So.2d 462 (La.App. 5th Cir.1982).
It has been held that a mortgage note was not authentic for purposes of executory process because it was not par-aphed for identification with the act of mortgage securing the note and there was a variance between the dates. Reed v. Meaux, 262 So.2d 570 (La.App. 3rd Cir. 1972). The supreme court reversed, 292 So.2d 557 (La.1973), because two other mortgages were sufficient to support exec-utory process despite the problem with the paraph of the third note and mortgage. This ruling does not support appellant’s position.
Appellant UMB also relies upon the cases of Colonial Financial Service, Inc. v. Stewart, 481 So.2d 186 (La.App. 1st Cir. 1985) and France v. American Bank, 505 So.2d 1175 (La.App. 5th Cir.1987).
The Colonial Financial Service case involved an appeal of a judgment enjoining the sale of mortgaged property by exec-utory process. Reversing the trial court judgment, the appellate court ruled that no law requires an authentic act of assignment and endorsement be paraphed with the note it identifies and transfers. Cited as authority was La.R.S. 9:5305 which provides:
The notes, bonds, or other obligations secured by the mortgage need not be paraphed if the act of mortgage identifies them by date, number, amount, and date when payable.
France concerned an appeal of a judgment dismissing plaintiff’s suit to annul a sheriff’s sale conducted pursuant to exec-utory process. It was agreed that the date on the paraph of the collateral mortgage note was at variance with the date on the collateral mortgage. Affirming the trial court judgment, the appellate court reasoned:
“Although we recently held that a variance in the date of the paraph of a note with an act of collateral mortgage and the date of the note breaks the chain of authentic evidence, Bank of St. Charles v. Eris, 477 So.2d 847 (La.App. 5th Cir. 1985), we note that the Eris case is distinguishable from the case at bar.
In Eris, supra we considered the defect described herein to preclude the creditor’s right to a deficiency judgment. Our Louisiana jurisprudence has recognized a suit for a deficiency judgment to be distinguishable from a suit to annul. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968). Furthermore, LSA-R.S. 13:4112 specifically states that ‘[njothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings.’
Therefore, while the defect asserted in the instant case would preclude American Bank’s right to a deficiency judgment, Eris, supra, it need not necessarily preclude a suit to annul. League, supra; LSA-R.S. 13:4112.”
We first note that La.R.S. 9:5305 deals exclusively with mortgages that secure multiple obligations and does not apply to this case. Next, Colonial Financial and France appear to be distinguishable from this case. Be that as it may, to the extent ■that the reasoning of those cases may tend to support UMB’s position, we do not choose to follow them.
We agree with the trial judge that the inconsistency between the date on the par- *521 aph of the collateral mortgage note and the date on the mortgage allegedly securing it constituted a flaw in the link of authentic evidence required to support executory process as set forth in Articles 2635 and 2636. Therefore, the trial judge correctly relegated UMB to ordinary process.
For these reasons, we affirm the trial court judgment, at appellant’s cost.