464 So.2d 945 (1985)
ACME MORTGAGE COMPANY, INC.
v.
Eva Carolyn (also known as Carolyn E.) CROSS, Divorced wife by First Marriage of Robert E. Bounds, Divorced Wife by Second Marriage of Carl Gwinn Smith, and Thirdly Married to Theodore Victor Deagano.
No. CA-2367.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, for defendant-appellant, Eva Carolyn Cross.
Before LOBRANO, WARD and ARMSTRONG, JJ.
WARD, Judge.
Eva Carolyn Cross appeals from a judgment in favor of Acme Mortgage Company, Inc., denying a preliminary injunction which would have restrained the sale of a lot and improvements on Royal Street seized under an order of executory process in a mortgage foreclosure.
The documentary evidence and transcript of the hearing shows that Acme Mortgage paid $205,000.00 to the party who sold the Royal Street property to Ms. Cross. In return, Ms. Cross executed a note on January 30, 1980, payable to Acme Mortgage in the amount of $533,000.40, to be paid in 120 monthly installments of $4,441.67 each. The amount of the note allegedly represented capitalization of the unmatured interest on the $205,000.00 loan into the face amount of the note. Ms. Cross secured the note by an act of mortgage on the Royal Street property. Ms. Cross made payments on the note totaling $49,293.28. After she apparently defaulted, Acme filed suit on April 2, 1981 to foreclose on the property by executory process, and writ of seizure was issued on May 19, 1981. Ms. Cross filed a petition on July 1, 1981 to enjoin the foreclosure, contending that there were defects in the authentic proof and other requirements for executory process, that the usurious interest rate had extinguished the obligation by operation of law, and that Acme had violated provisions of the Consumer Credit Cost Disclosure Act, 15 U.S.C. § 1601 et seq. Ms. Cross later amended her petition to allege that the note was not in default.
Although the property had been seized, its sale was enjoined by temporary restraining orders. On July 20, 1981, a hearing was held, but before the merits of the injunction were considered by the Court, Ms. Cross filed exceptions to Acme's petition *946 for foreclosure, alleging no cause or right of action was stated in the petition. The Trial Judge sustained the exceptions because Acme had failed to specifically allege the basis of the default, but he gave Acme leave to amend its petition to cure the defects. Acme immediately filed an amended petition, alleging the details of Ms. Cross' non-payment. The preliminary injunction matter eventually was heard by a Commissioner of the Civil District Court, whose report, adopted by the Trial Judge, found no valid grounds for enjoining the foreclosure, and the Trial Judge denied the injunction.
The judgment granted Ms. Cross leave to apply for writs to this Court. However, we found supervisory writs inappropriate and held that since Ms. Cross had not appealed the order directing issuance of the writ, her remedy was an appeal from the denial of the preliminary injunction as provided by Louisiana Code of Civil Procedure Article 3612. 445 So.2d 1239. Ms. Cross then filed this devolutive appeal and also applied to the Supreme Court for supervisory writs to review this Court's denial of her writ application. The Supreme Court denied her application without opinion in No. 83-CC-2076 (Oct. 12, 1983). 438 So.2d 1108. Two justices concurred, stating that an appeal is a meaningless remedy since a "judicial sale will render moot the question of maintaining the status quo". The two writing justices nevertheless reviewed "eleven points of law", and found no merit in any of the arguments supporting the injunction. The day after the Supreme Court's ruling, the property was sold at a judicial sale.
Acme Mortgage Company filed a motion in this Court to dismiss Ms. Cross' appeal from the denial of the preliminary injunction on the grounds that it was moot since the property had been sold. We deferred ruling on the motion until consideration of Ms. Cross' devolutive appeal. Ms. Cross then filed an amended petition in the Trial Court seeking monetary damages for losses she alleges were caused or precipitated by the "illegal" seizure and sale.
The threshold issue before us is whether Ms. Cross' appeal is moot. We believe that it is and should be dismissed. Since the judicial sale which Cross sought to enjoin is now an accomplished fact, there is no relief this Court can grant her on an appeal which alleges only that the Trial Court erred in refusing to grant the injunction. Walters v. Childers, 214 La. 531, 38 So.2d 160 (1948); Choate v. Cofield, 164 So.2d 601 (La.App. 3rd Cir.1964).
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both. La.C.C.P. art. 2642.
A suspensive appeal taken within fifteen days from the issuance of the writ of seizure and sale suspends its execution during the pendency of the appeal, and the property cannot be sold. On the other hand, if a defendant chooses to seek injunctive relief and the Trial Court denies it, there is no right to a suspensive appeal, La.C.C.P. art. 3612, and while there is a right to a devolutive appeal, more probably than not, the property will be sold while the appeal is pending.
Louisiana Code of Civil Procedure Article 3612 provides that it is within the court's discretion to suspend an order relating to an injunction during the pendency of an appeal. However, in cases such as this one, where the Trial Court has refused to grant a preliminary injunction, a suspensive appeal is inappropriate since there is no injunctive order to suspend. Hibernia National Bank v. Mary, 167 So.2d 200 (La.App. 4th Cir.) writ denied 246 La. 876, 167 So.2d 826 (La.1964). Furthermore, as we stated in Hibernia, and reiterated in our order denying writs in this case (No. C-1077, Aug. 29, 1983):
To interpret the stay order, as evidently intended by the respondent judge, to apply to the proceeding of executory process would allow to be done indirectly that which there is no authority to do *947 directly, namely, to operate as a suspensive appeal from executory process, after the right to such appeal has passed, and then for a nominal bond. Such interpretation would seriously impair and to a large extent nullify the operation of the laws relating to executory process. This obviously is not the intent of Article 3612. To allow the stay order to stop the executory process amounts to a nullification of the court's judgment denying injunction. It grants the pricise relief the court intended to deny. It is a contradiction on its face. If indeed such was the court's intent, it should have granted the injunction.
In some cases, an appealing defendant may be able to secure a stay of the seizure and sale from the Court of Appeal under its supervisory jurisdiction. See Fabacher v. Hammond Dairy Co., 389 So.2d 87 at 90 (La.App. 4th Cir.1980). However, in most cases, the defendant who, like Ms. Cross, chooses to present defenses and objections to the seizure and sale by way of a suit for injunctive relief takes the substantial risk that, upon denial of a preliminary injunction, the property will be sold before an appellate court considers the merits of a devolutive appeal.
We do not reach the issue of whether Ms. Cross should have been permitted to file a supplemental petition for damages because, since we decline to consider the moot issues raised in this appeal, Ms. Cross' supplemental petition must also be dismissed. The Trial Court examined the record in the executory proceeding and took other evidence and found that the seizure and sale was not wrongful. That judgment is now definitive, and Ms. Cross has no cause of action for damages allegedly caused by a seizure and sale which was within the law.
Accordingly, we dismiss the appeal and order the Trial Court to dismiss for failure to state a cause of action the Supplemental and Amended Petition Ms. Cross filed in this matter on August 22, 1984.
AFFIRMED.
LOBRANO, J., dissents in part.
LOBRANO, Judge, dissenting in part.
I respectfully dissent from that portion of the majority opinion which dismisses appellant's supplemental petition for damages. Although I agree that the "injunction" issue is now moot since the property has been sold, I am of the opinion that appellant has become the victim of a procedural "trap".
Article 2642 of the Louisiana Code of Civil Procedure allows defenses and procedural objections to an executory proceeding to be asserted by way of a suspensive appeal from the order directing the sale or by way of injunction proceedings. By choosing the latter she was prevented from stopping the sale when the trial court denied the injunction as there is no suspensive appeal from that denial. La.C.C.P. Article 3612. Although she took writs, both this Court and the Supreme Court denied them without reaching the merits of her case. Although she took the instant devolutive appeal (in accordance with our writ disposition), the property was sold prior to this appeal being heard, and we now rule that the injunction issue is moot. Thus, the merits of her allegations concerning an illegal seizure and sale have never been heard by this court.
The majority, in dismissing her claim for damages, is forever closing the door on her allegations. It can be argued that hindsight is not a basis for allowing her to proceed, but I believe she should not be denied her day in court because she took a procedural "wrong" turn in the beginning of her judicial journey.