CIACCIO, Judge.
On August 3rd, 1989, Hibernia National Bank (HIBERNIA) as Trustee for the New Orleans Home Loan Mortgage Authority, filed a petition for executory process against Carmen Lankster, wife of, and Alonzo Coleman Lankster, seeking the seizure and sale of their home located at 2513 Robert Street, New Orleans, Louisiana. At this time Mrs. Lankster was a resident of Cincinnatti, Ohio, having been living sepa *536 rate from her husband since 1987 but not separated by judgment of separation. She had filed a suit for divorce in Orleans Parish on May 31, 1989 but did not obtain a divorce judgment until October 17, 1989.
HIBERNIA attached to its petition authentic evidence of the note and mortgage and prayed for the seizure and sale of the property with appraisal. Notice of demand for payment was served personally on Alfonso Lankster on September 6, 1989 at his residence but service could not be made upon Carmen Lankster because her whereabouts were unknown. On September 29, 1989 HIBERNIA moved for the appointment of a curator ad hoc to represent the absentee defendant and an attorney was appointed by the court. He was subsequently served with the notice of demand for payment on October 17th, 1989. The curator ad hoc filed a note of evidence into the record on November 28, 1989 detailing his unsuccessful efforts to locate Mrs. Lankster by either certified mail or by an ad published in the Times-Picayune. Notice of the writ of seizure was served on Alfonso Lankster and upon the curator ad hoc, and, after proper advertisement, the property was sold at sheriffs sale on February 15, 1990. HIBERNIA bid in the property for 75% of the appraised value.
On March 30, 1990, Mrs. Lankster filed a petition to annul the executory process judgment and to set aside the seizure and sale. She alleged that she had been domiciled in Cincinnatti since 1987. Her only allegation for the nullity of the judgment was that she was never given notice of demand for payment or notice of seizure of the property. HIBERNIA answered the petition, urged the validity of the proceedings, and moved for the dismissal of Mrs. Lankster’s suit by motion for summary judgment. After hearing, the trial judge denied the motion for summary judgment and HIBERNIA filed for writs. We granted certiorari and ordered the matter to be submitted on briefs.
An executory proceeding in Louisiana is an in rem action derived from the civil law; it provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. The mortgagor-defendant may bring a direct action to annul the sale if the mortgagee is the adjudicatee at the sale and is still in possession of the property. Objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property by executory process. First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987); La.R.S. 13:4112.
It is undisputed that Mrs. Lankster was a nonresident-absentee at the time the executory process petition was filed. The court had jurisdiction of the property of the defendant by virtue of its location in Orleans Parish. Under C.C.P. art. 5091' it was proper for the court to appoint an attorney at law to represent the nonresident-defendant and for all proceedings and notices to be served upon him. C.C.P. art. 5091 provides in part:
Art. 5091. Appointment; contradictory proceedings against attorney; improper designation immaterial The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance ...
All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him.
The improper designation of the attorney appointed by the court to represent such a defendant as curator ad hoc, tutor ad hoc, special tutor, or any other title, does not affect the validity of the proceeding.
C.C.P. art. 5094 requires that an attorney appointed to represent an absentee or nonresident must use reasonable diligence to communicate with the defendant and inform him of the pendency and the nature *537 of the action or proceeding against him and of the time available to either answer or assert a defense.
C.C.P. art. 5098 provides:
The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law.
In opposition to the motion for summary judgment Mrs. Lankster’s counsel argued, by memorandum, that her due process rights were violated because the curator’s efforts to locate her were deficient. However, C.C.P. art. 5098 specifically prohibits such a claim from affecting the validity of the sheriff’s sale. In addition, Mrs. Lank-ster specifically agreed in the mortgage and mortgage note that the lender should send all notices to the Robert street address unless the borrower designated a new address. Although Mrs. Lankster had the option to notify the lender of her new address in Cineinnatti she makes no allegation nor did she offer any proof that she notified the lender of her change of address.
In the trial court proceedings Mrs. Lank-ster cited the case of Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699 (La.App. 1st Cir.1985) in support of her lack of notice claim. That case dealt with the failure of plaintiff to serve a notice of trial upon two defendants who were appearing in proper person. The holding has no bearing on this case and is readily distinguished. Counsel also cited Mouton v. Vallot, 415 So.2d 652 (La.App. 3rd Cir.1982) but that case lends no support to Mrs. Lankster and, to the contrary, is consistent with the views expressed herein.
In Mouton plaintiffs sued for the nullity of a partition judgment on the grounds that they had never been served and that the attorney appointed to represent the absent owners failed to contact them or to present defense on their behalf. The appellate court rejected their argument, citing C.C.P. 5098. It held that service upon the seven attorneys appointed as curators for the seven absent owners satisfied all procedural requirements.
We find that there are no disputed issues of fact, and that the foreclosure sale met all the procedural requirements of law. Should Hibernia seek to obtain a deficiency judgment against Mrs. Lankster she may assert any available defenses at that time. First Guaranty Bank v. Baton Rouge Petroleum, supra.
Accordingly, we enter summary judgment in favor of the Hibernia National Bank, as Trustee, on behalf of the New Orleans Home Mortgage Authority, dismissing the suit of Mrs. Carmen Jackson Lankster, with prejudice. All costs in the trial and appellate court are assessed against petitioner, Mrs. Carmen Jackson Lankster.
The request for sanctions against the attorney for petitioner is denied.
JUDGMENT REVERSED
SUIT TO ANNUL FORECLOSURE
SALE DISMISSED
ARMSTRONG, J., would deny the writ.