SANDRA CABRINA JENKINS, Judge.
11 Corey C. Warren appeals the trial court judgment maintaining the peremptory exception of no cause of action, filed by Gulf Coast Bank and Trust Co., and dismissing Warren’s request for preliminary and/or permanent injunction and his re-conventional demand. In January, 2011, the plaintiff, Gulf Coast Bank and Trust Co. (“GCB”), filed a petition for executory process, seeking to foreclose on property mortgaged by the defendant, Corey C. Warren (“Warren”). GCB attempted service on Warren through the Orleans Parish Sheriff and an appointed Special Deputy, but service could not be made on Warren. In October, 2011, an appointed curator sent certified letters to the addresses on record for Warren and placed a notice in The Times-Picayune newspaper, but Warren did not respond to these notices. Warren’s properties were auctioned and sold at the sheriffs sale on December 15, 2011. Warren filed a re-conventional demand for damages and request for temporary restraining order and/or annulment of sheriff sale and/or preliminary injunction and/or permanent injunction and for the return of property. GCB filed a peremptory exception of no cause of action to Warren’s reconventional demand. After a hearing on the exception and the preliminary injunction, the trial court ruled to maintain GCB’s exception of no cause of action, [2denied Warren’s request for preliminary injunction, and dismissed Warren’s remaining claims with prejudice. Warren filed a suspensive appeal from that trial court judgment. For the reasons that follow, we convert Warren’s suspensive appeal to a devolutive appeal and affirm the trial court’s judgment of August 3, 2012.
FACTUAL AND PROCEDURAL HISTORY
In 2008 and 2009, Warren executed two promissory notes in favor of GCB for *1214 $230,000 and $41,514.31, respectively. Warren secured payment of the notes with three collateral mortgage notes, mortgaging immovable property he owned at 5520 Marshall Foch Street and 1450 Tita Street, in Orleans Parish, and 216 James Court, in Jefferson Parish. In each of the collateral mortgages, Warren confessed judgment upon the collateral mortgage notes in favor of GCB and consented to pay on the notes in accordance with the stated terms and conditions, or else the mortgaged property could be seized and sold under executory process to satisfy the debt.
On January 19, 2011, GCB filed a petition for executory process, alleging that Warren had failed to make payments on both promissory notes and that demand for payment had been unanswered by Warren. The trial court issued an order of executory process and writs of seizure and sale for each of Warren’s three mortgaged properties. On March 1, 2011, GCB sent a request to the Orleans Parish Sheriff to serve Warren at his address at 5520 Marshall Foch Street, with the notice of the seizure and sale. The sheriff returned the notice unserved on March 31, 2011.
On October 10, 2011, GCB filed a motion to appoint a curator ad hoc, alleging that numerous unsuccessful attempts had been made to serve Warren with | sthe notice of seizure and sale, including by an appointed special process server. On October 25, 2011, the appointed curator placed an advertisement in The Times-Picayune newspaper and mailed a certified letter to Warren at 5520 Marshall Foch Street. The curator received no response to the advertisement, and the letter was returned as unclaimed on December 4, 2011. On December 14, 2011, the curator mailed a certified letter to Warren at 2001 N. Village Green in Jefferson Parish, that was delivered and signed by Taskara Warren.[1] The curator filed a note of evidence of his search and attempts to notify Warren on January 24, 2012.
Notice of the sheriffs sale was advertised in two local newspapers on November 14, 2011. On December 15, 2011, Warren’s properties at 5520 Marshall Foch Street and 1450 Tita Street were sold at the Orleans Parish Sheriffs sale to GCB, who was the highest bidder.
On July 20, 2012, Warren filed a recon-ventional demand to GCB’s petition for executory process, seeking a preliminary injunction and/or annulment of the sheriffs sale, return of the property, and damages. Warren argued that his due process rights were violated because the curator did not file his note of evidence with the court prior to the sheriffs sale and that lack of evidentiary proof constituted a fundamental defect in the executory process. Warren also argued that the executory process under Louisiana law was unconstitutional, because it did not require the creditor to produce authentic evidence of the debtor’s default and the creditor’s right to use executory process. Based on his claim that the executory process used was unconstitutional and invalid, Warren requested a temporary restraining order be issued and that he be granted a preliminary and/or permanent | ¿injunction to enjoin GCB from proceeding any further with the executory process. Warren also sought the annulment of the sheriffs sale and damages for the seizure and sale.
GCB filed a peremptory exception of no cause of action, arguing that Warren’s re-conventional demand did not assert any cause of action upon which relief could be granted and that Warren was not entitled to injunctive relief as a matter of law.
*1215 The trial court heard arguments on the exception of no cause of action on August 1, 2012, the date set for the preliminary injunction hearing.[2] At the conclusion of the hearing, the trial court ruled to maintain GCB’s exception of no cause of action and dismiss all of Warren’s claims with prejudice.
Warren filed a suspensive appeal on August 17, 2012, which was granted by the trial court. GCB filed a motion and supplemental motion in opposition to Warren’s motion for suspensive appeal, arguing that no suspensive appeal can be taken from a judgment denying a preliminary injunction. The trial court then reversed itself and denied Warren’s motion for suspensive appeal, issuing written reasons for judgment on August 22, 2012. GCB then moved this court to dismiss Warren’s appeal. Upon consideration of GCB’s motion to dismiss and Warren’s opposition to the motion to dismiss, we denied the motion to dismiss and the parties were allowed to proceed in the appeal to this court. We now address the jurisdictional issue before addressing the merits of the appeal.
IsDISCUSSION
Motion to Dismiss Suspensive Appeal
The jurisprudence, which the trial court correctly cites in its written reasons for judgment dismissing the appeal, reveals that a suspensive appeal from a denial of a preliminary injunction is inappropriate since there is no injunctive order to suspend. Acme Mortg. Co., Inc. v. Cross, 464 So.2d 945, 946 (La.App. 4th Cir.1985) (citing Hibernia Nat’l Bank of New Orleans v. Mary, 167 So.2d 200 (La.App. 4th Cir.1964), writ denied 246 La. 876, 167 So.2d 826 (La.1964)). A suspen-sive appeal can be taken, in an executory proceeding, within fifteen days from the issuance of a writ of seizure and sale to suspend the execution of such writ during the pendency of the appeal. La. C.C.P. art. 2642. “On the other hand, if a defendant chooses to seek injunctive relief and the Trial Court denies it, there is no right to a suspensive appeal, La. C.C.P. art. 3612-” Acme, 464 So.2d at 946. In this case however, the trial court was divested of its jurisdiction at the moment it signed the order granting the appeal to Warren on August 17, 2012, and the trial court could not then dismiss the appeal by its judgment on August 22, 2012. See La. C.C.P. art.2088.
The First Circuit discussed this jurisdictional issue thoroughly in Clement v. Graves, 04-1831, pp. 5-10 (La.App. 1 Cir. 9/28/05), 924 So.2d 196, 200-203. In that case, the First Circuit noted that the trial court had originally granted defendant a suspensive appeal, later ordered defendant to post the bond for the appeal, but then, in an undated order, dismissed the suspen-sive appeal and awarded plaintiff attorney’s fees for frivolous appeal. Id., p. 9, 924 So.2d at 202. The First [^Circuit addressed the effect of the trial court’s dismissal of the appeal order on the appellate court’s jurisdiction. The First Circuit found that, although the defendant failed to perfect a suspensive appeal by failing to post security timély, the defendant had met the requirements for a devolutive appeal, which does not require security to be furnished. Id.; see La. C.C.P. art. 2124. As this' court noted in Franco v. Franco, 04-0967, p, 13 (La.App. 4 Cir. 7/28/04), 881 *1216 So.2d 131, 139, the requirement to furnish security for a suspensive appeal constitutes an irregularity or defect upon which an opposing party may file a motion to dismiss, but as long as the requirements for a devolutive appeal have been met, Louisiana courts have held that the appeal should be converted to a devolutive appeal and maintained. The First Circuit concluded that since the requirements for a devolutive appeal had been met, the jurisdiction of the trial court divested on the granting of the order of the appeal as provided in La. C.C.P. art.2088. Clement, p. 9, 924 So.2d at 202; see also Parish of Jefferson v. Davis, 97-1200, pp. 7-8 (La.App. 5 Cir. 6/30/98), 716 So.2d 428, 432.
In this case, we find that the trial court’s order of August 17, 2012, granting Warren an appeal, divested the trial court of jurisdiction over the matters in this case reviewable on appeal. We, therefore, maintain jurisdiction over this appeal, but we convert it to a devolutive appeal to address the merits of the case.
Exception of No Cause of Action
Warren appeals the trial court’s judgment of August 3, 2012, granting GCB’s exception of no cause of action. In reviewing a trial court judgment maintaining a peremptory exception of no cause of action, we apply a de novo standard of review. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349. The peremptory exception of no cause of action questions the legal 17sufficiency of the petition to allege facts and set forth claims for which the law provides a remedy. Id., p. 3, 801 So.2d at 348-49. The exception is triable on the face of the petition, and the well-pleaded facts alleged within the petition are accepted as true. Id., p. 4, 801 So.2d at 349. The exception should be maintained for failure to state a cause of action where it appears beyond doubt that the petitioner can prove no set of facts in support of any claim for which the law provides relief. Id.
Warren argues that his reconventional demand set forth four causes of action. First, Warren argues that he claimed a violation of his due process rights based on the curator’s insufficient actions to inform him of the pendency of the executory proceeding and sheriffs sale. Second, Warren contends that he stated a cause of action by challenging the constitutionality of the executory process used against him. Third, Warren argues that he stated a claim for damages arising out of GCB’s breach of the covenants of good faith and fair dealing. Finally, Warren argues that he stated a claim for damages based on wrongful seizure and sale. For the following reasons, we find that Warren did not assert any valid cause of action in his reconventional demand to the executory proceeding, and we affirm the trial court’s judgment granting GCB’s exception of no cause of action.
An executory proceeding in Louisiana provides a simple and expeditious procedure by which creditors may seize and sell property upon which they enjoy a mortgage or privilege. Reed v. Meaux, 292 So.2d 557, 559 (La.1973). By an exec-utory proceeding, the creditor may effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage evidenced by an authentic act importing a confession of judgment. La. C.C.P. art. 2631. Where a creditor seeks to enforce a mortgage on immovable property, it is only necessary to |ssubmit certain authentic evidence to prove the right to use executory process: (1) the instrument evidencing the obligation secured by the mortgage, and (2) the authentic act of mortgage or privilege on immovable property importing the confession of judgment. La. C.C.P. art. 2635(A); Buckner v. Carmack, 272 So.2d 326, 330 (La.1973); Whit *1217 ney Nat’l Bank v. Blueridge, Inc., 606 So.2d 902, 904 (La.App. 4th Cir.1992).
“Defenses and procedural objections to an executory proceeding may be asserted only either through an injunction proceeding to arrest the seizure and sale as provided in Louisiana Civil Code of Procedure arts. 2721 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.” La. C.C.P. art. 2642.
A debtor who fails to exercise the right to take a suspensive appeal or to enjoin the sale may, under limited circumstances, attempt to nullify the completed sheriffs sale. First Guaranty Bank, Hammond, La. v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 841 (La.1988); see Brown v. Everding, 357 So.2d 1243, 1246 (La.App. 2d Cir.1978); Deutsche Bank Nat’l Trust Co. v. Carter, 10-663, p. 7 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286. If the creditor is the adjudicatee at the sale, the debtor may attack that sale based solely on substantive defects in the executory proceeding, such as fraud, lack of notice, or ill practices by the creditor. Taurus Leasing Corp. v. Chalaire, 400 So.2d 303, 305 (La.App. 4th Cir.1981); Brown, 357 So.2d at 1246. Executory process is a harsh remedy, and consequently, the strict compliance with the notice requirements is necessary. Bank of New Orleans and Trust Co. v. Brule, 389 So.2d 1148 (La.App. 4th Cir.1980); see also Security Homestead Ass’n v. Fuselier, 591 So.2d 335 (La.1991). Objections as to the lack of authentic evidence or as to minor defects of form or | procedure may not be used as grounds for an action to annul a judicial sale of immovable property after recordation of the sheriffs sale or proces verbal in accordance with executory process. La. R.S. 13:4112; Hibernia Nat’l Bank v. Lankster, 578 So.2d 535, 536 (La.App. 4th Cir.1991). Without evidence of substantive defects in the executory proceedings to nullify a completed seizure and sale, the debtor has no cause of action for damages from a lawful seizure and sale. Acme, 464 So.2d at 947; France v. American Bank, 505 So.2d 1175, 1179 (La.App. 5th Cir.1987).
In his first assignment of error, Warren contends that the trial court erred in granting the exception of no cause of action because he stated a cause of action based on a violation of his due process rights for not receiving formal notice of the seizure and sale. To support this claim, Warren alleges only the fact that the court appointed curator filed his note of evidence on January 24, 2012, after the sheriffs sale on December 15, 2011. Warren does not state any allegations of fact to support a claim that GCB failed to comply with the strict requirements of notice of seizure and sale. In fact, Warren sets forth that GCB filed a motion to appoint a curator that was granted by the trial court, and he does not contend that the appointment was improper, that he was not an absentee, or that he was available to be served.[3] The failure of an attorney appointed by the court to represent an absentee defendant to perform any of the duties imposed upon him by La. C.C.P. arts. 5092 through 5096 shall not affect the validity of any proceeding, including the seizure and sale of any property by execu- *1218 tory process. La. C.C.P. art. 5098; Hibernia, 578 So.2d at 537. Based on the allegations within Warren’s reconven-tional demand, we find he did not state a valid cause of action for the violation of due process.
In his second argument, Warren contends that he has stated a cause of action under the 14th Amendment of the U.S. Constitution that challenges the constitutionality of Louisiana’s executory process scheme. In both his reconventional demand and his appeal, Warren acknowledges that the Louisiana Supreme Court upheld the constitutionality of Louisiana’s executory process in Buckner v. Carmack, 272 So.2d 326 (La.1973). Warren argues, however, that amendments to La. C.C.P. arts. 2635 and 2637, made pursuant to La. Acts 1989, No. 137, § 18 (“1989 amendments”), substantively changed the laws of executory process by taking out the requirement that a creditor prove by authentic evidence the right to use executory process, and that the amendments rendered the executory process unconstitutional. We find this argument to be erroneous and without merit.
The 1989 amendments to La. C.C.P. arts. 2635 and 2637 did not change the substantive requirements for a creditor to prove and enforce the right to use executo-ry process. The Louisiana Legislature clearly stated the purpose and intent of the 1989 amendments was to “amend the preexisting Louisiana security device laws to accompany and accommodate implementation of Chapter 9 of the Louisiana Commercial Laws.” La. Acts 1989, No. 137, § 20. Since the Louisiana Supreme Court’s decision in Buckner, upholding the constitutionality of Louisiana’s executory process, the statutory requirements have not been amended Into require less proof by authentic evidence for executory proceedings.[4] Warren does not set forth any allegations within his reconventional demand that present a new challenge to the constitutionality of Louisiana’s executory process scheme, as it was upheld by the Louisiana Supreme Court in Buckner. Furthermore, GCB filed its petition for executory process in conformity with the statutory requirements of authentic evidence, including the submission of the three authentic acts of mortgage with Warren’s confession of judgment. Based on the legal history of Louisiana’s executo-ry process and the facts contained in the record, we find that Warren has not stated a valid cause of action.
In his third assignment of error, Warren argues that the trial court erred in granting the exception of no cause of action as to Warren’s claim that GCB breached a covenant of good faith and fair dealing by failing to advise him of any options available to him to avoid foreclosure.[5] Warren posits that his cause of action is analogous to the statutory duty of good faith and fair dealing owed by an insurer to his insured, and that all contracts in which there is a relationship of *1219 trust between the parties obliges the parties to act in good faith and fair dealing.
The statutory duty, referenced by Warren, of good faith and fair dealing owed by insurers to their insured applies only to insurance policy relations, and it enumerates specific acts by which an insurer breaches the duties imposed under the | ^statute.[6] La. R.S. 22:1973; Armstrong v. Rabito, 95-0695, p. 4 (La.App. 4 Cir. 10/26/95), 663 So.2d 512, 515.
Generally, Louisiana law governing obligations provides that good faith shall govern the conduct of parties in whatever pertains to the obligation, and all contracts in Louisiana must be performed in good faith. La. C.C. art. 1759; La. C.C. art.1983. As this court discussed in Favrot v. Favrot, 10-0986, p. 12 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1107, Louisiana does not recognize a separate and distinct obligation of good faith, the breach of which would be equivalent to a breach of the contract between the parties.[7] The performance of an obligation or contract can be characterized as being in good faith or bad faith, but the party alleging bad faith performance must first allege facts revealing the duty to perform an obligation.
[W]e do not examine a party’s good faith (or bad faith) unless and until we find that the party has failed to perform an obligation, from which the obligee has sustained damages. ‘An obligor is liable for damages caused by his failure to perform a conventional obligation.’ LA. CIVIL CODE ART.1994. The extent of the obligee’s recoverable damages is then determined according to whether the obligor failed to perform in good faith or in bad faith.... Thus, judicial determination of good-faith (or bad-faith) failure to perform a conventional obligation is always preceded by a finding that there was a failure to perform, or a breach of the contract.
Favrot, p. 16, 68 So.3d at 1109-10.
11sWe, therefore, consider whether the facts alleged indicate GCB’s failure to perform a specific obligation. In his reeon-ventional demand, Warren claims that GCB had a duty to advise him of options that he might have to modify his mortgage under the Making Home Affordable Act, a federal program of the U.S. Department of the Treasury, “or other program under the purview of Bank that would allow Warrant [sic ] to modify his loan into a more affordable payment.” However, Warren’s allegations do not indicate the source for the alleged duty owed by GCB to advise him of loan or mortgage modification options. Warren does not allege that GCB owed any such duty or obligation to him under the terms of the promissory notes, mortgage notes, or acts of mortgage that he executed in favor of GCB. Nor does Warren allege that any other contract existed between the parties that would give rise to a duty by GCB to provide advice to Warren, or that GCB agreed to obligate itself *1220 to Warren to act as a fiduciary or on his behalf or in his best interest.[8] Based on the lack of a factual or legal basis for this claim, we conclude that Warren did not set forth any valid cause of action for a failure to act in good faith or fair dealing.
Finally, Warren argues that he stated a cause of action for damages for the wrongful seizure and sale of his property. Warren bases this claim on the assertion that the use of executory process by GCB was illegal, and he reverts to his argument that executory process is unconstitutional. Warren states a legal conclusion, but fails to state any factual allegations that set forth a cause of action 114for which relief may be granted. Furthermore, as this court held in Acme Mortg. Co., Inc. v. Cross, 464 So.2d at 947, no cause of action for damages exists for wrongful seizure and sale when the execu-tory process has been implemented and completed lawfully.
As stated previously in this opinion, Warren failed to file a suspensive appeal within fifteen days of the signing of the order granting a writ of seizure and sale to GCB, and Warren failed to seek or obtain a preliminary injunction prior to the sheriffs sale, to assert any defenses and procedural objections to prevent the seizure and sale of his property. Once the judicial sale was completed, Warren needed to set forth enough factual allegations to establish substantive defects in the executory process for which he could be entitled to relief for wrongful seizure. Based on our review of Warren’s reconventional demand, we find he has failed to set forth factual allegations to establish that GCB’s use of executory process was invalid for substantive defects, that the use of executory process was unconstitutional, that GCB owed him any duty or obligation that they failed to perform, or that he was entitled to any relief for wrongful seizure. We find that Warren has not stated any valid cause of action for which relief could be granted, and we affirm the trial court judgment granting GCB’s peremptory exception of no cause of action.
DECREE
For all of the foregoing reasons, we convert the suspensive appeal to a devolu-tive appeal, and we affirm the trial court’s judgment of August 3, 2012, granting plaintiffs peremptory exception of no cause of action.
AFFIRMED.

. On the collateral mortgage for 1450 Tita Street, executed on April 20, 2007, Warren listed his address and residence as 2001 North Village Green, Harvey, Louisiana.

. Although the transcript of the trial court hearing is not in the record before this court, the record reflects that Warren offered his own affidavit into evidence at the hearing and GCB offered the testimony of a GCB employee, without objection from Warren. The ap-pellee brief states that GCB offered the live testimony of bank officer Michael Carter, whom Warren names in his reconventional demand and affidavit as the GCB representative that he dealt with regarding his mortgage payments.

. Where the defendant is an absentee, the court shall appoint an attorney to represent him, and the attorney shall use reasonable diligence to communicate with the defendant and inform him on the pendency and nature of the proceeding, and of the time available for asserting available defenses. La. C.C.P. art. 2674; La. C.C.P. art. 5094. The attorney appointed to represent the defendant shall be served all demands, notices, and other documents required to be served upon the defendant in the executory proceeding. La. C.C.P. art. 2641.

, The, requirement of authentic evidence to prove a creditor’s right to use executory process has a long jurisprudential history in Louisiana. Along with the petition, the plaintiff/creditor must submit, in authentic form, the note, bond or instrument securing the mortgage or privilege and the act of mortgage or privilege importing a confession of judgment along. Landry v. Landry, 12 La. Ann. 167 (La. 1857); Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (La.1884); American Budget Plan, Inc. v. Small, 229 So.2d 190 (La.App. 4th Cir.1969); Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87 (La.App. 4th Cir.1980).

. In his appellate brief to this court, Warren stated that he is not appealing the trial court’s ruling that Warren has no cause of action for damages under the Louisiana Unfair Trade Practices Act and the Making Home Affordable Act.

. La. R.S. 22:1973(A) provides that an insurer owes to the insured a duty of good faith and fair dealing, an affirmative duty to ádjust claims fairly and promptly, and to make reasonable efforts to settle claims with the insured or claimant. Subsection B(l)-(6) of the statute sets forth the acts by an insurer that, if knowingly committed, constitute a breach and give rise to an action for damages and penalties.

. Under the common law, some courts have found that the breach of an implied covenant of good faith and fair dealing between parties . to a contract constitutes an actionable theory of lender liability. See Edward B. Kramer, Comment, Louisiana Lender Liability, 50 La. L.Rev. 143, 144 (1989); see also, James Ma-bry Vickery, Note, A Special Relationship: The Use of the Duty of Good Faith and Fair Dealing to Impose Tort Damages In Contracts Between Lender and Borrower, 9 Rev. Litig. 93 (1990).

. We note that Warren ostensibly argues that a relationship of trust exists between a mortgagor and mortgagee such that the mortgagor owes a fiduciary responsibility to inform and advise the mortgagee of his rights and options. But Louisiana law specifically provides that financial institutions do not owe a fiduciary obligation or responsibility to customers, unless there is a specific written agency or trust agreement by which the financial institution agrees to act and perform in the capacity of a fiduciary. La. R.S. 6:1124; Seals v. Omni Bank Ins. Companies, 12-0863, p. 14 (La.App. 4 Cir. 11/28/12), 104 So.3d 667, 674.