SUNSET HARBOUR, LLC     *     NO. 2022-C-0298

VERSUS     *

             COURT OF APPEAL

THE HEIRS AND UNOPENED     *
SUCCESSION OF SAMUEL             FOURTH CIRCUIT
SALVADOR LASSALLE, SR.     *

             STATE OF LOUISIANA

          * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01648, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Paula A. Brown, Judge Dale N. Atkins)

LOMBARD, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS


James E. Uschold
Mark J. Boudreau
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130
     COUNSEL FOR SUNSET HARBOUR, LLC


Cory J. Vidal
6225 Paris Ave.
New Orleans, LA 70118
     COUNSEL FOR THE HEIRS AND UNOPENED SUCCESSION OF
     SAMUEL SALVADOR LASSALE, SR.

     **WRIT GRANTED IN PART; FEBRUARY 15, 2022 ORDER
     REVERSED; AND WRIT DENIED IN PART**

                 **JULY 20, 2022**

This is a suit to quiet tax title and partition immovable property. The Relator, Sunset Harbour, LLC ("Sunset"), seeks review of the trial court's February 15, 2022 *sua sponte* order vacating a final default judgment entered on June 15, 2021; a February 25, 2022 order denying Sunset's motion to withdraw funds from the registry of the court; and an April 19, 2022 *sua sponte* order vacating a December 29, 2021 order to deposit proceeds of sheriff's sale into registry of the court. For the reasons that follow, Sunset's writ is granted in part; and the trial court's February 15, 2022 order vacating the June 15, 2021 default judgment is reversed. In all other respects, the writ is denied.

## FACTUAL AND PROCEDURAL HISTORY

On February 23, 2021, Sunset filed a petition to quiet tax title to immovable property ("the property") and for partition of the property. Sunset claimed it purchased a one-percent tax sale title and requested partition of the property. Sunset also requested appointment of a curator to represent the heirs of the former

property owner, Samuel Salvador Lassalle, Sr. The case was allotted to Division N of the trial court.

Sunset presented a final default judgment to the duty judge—Division B— that was signed on June 15, 2021 (the "Default Judgment"). The Default Judgment recognized Sunset's interest in the property, ordered the Sheriff to sell the property at an auction, and ordered the division of sale proceeds. On December 29, 2021, Sunset filed a motion to deposit proceeds from the sale of the property into the trial court registry, which Division B granted.

But, on February 15, 2022, Division B signed a *sua sponte* order vacating the default judgment, explaining that the court-appointed curator *ad hoc* had made no effort to find the absent defendants; and a new curator *ad hoc* must be appointed to represent the absent defendants. One week later, Division B also entered an unsigned motion to set aside and vacate its December 29, 2021 order granting Sunset's motion to deposit proceeds from the sale of the property into the trial court register.

On February 25, 2022, Division N denied Sunset's motion to withdraw proceeds from the sale of the property from the court registry, relying on Division B's order vacating the default judgment. And, on April 19, 2022, Division N ordered *sua sponte* that the December 29, 2021 order signed by Division B, permitting the Sheriff to deposit proceeds from the sale of the property into the court registry, be vacated. Sunset's writ application followed.

**ANALYSIS**

Sunset seeks review of Division B's February 15, 2022 *sua sponte* order vacating the default judgment; Division N's February 25, 2022 order denying Sunset's motion to withdraw funds from the registry of the court; and Division N's April 19, 2022 *sua sponte* order vacating a December 29, 2021 order to deposit proceeds of the sheriff's sale into registry of the court.

Sunset first argues that Division B erred in issuing the February 15, 2022 order vacating its own default judgment. We agree. Louisiana Code of Civil Procedure art. 253.3(D) provides, in pertinent part, as follows:

> When a duty judge hears any matter or signs any order or judgment pursuant to this Article, he shall not acquire jurisdiction over additional matters in the case. Following the ruling of the duty judge, the judge assigned pursuant to Article 253.1 shall hear the other matters in the case[.]

Because the case was not allotted to Division B—rather, Division B signed the default judgment in its capacity as the duty judge—it lacked jurisdiction to vacate the default judgment on February 15, 2022. Accordingly, we grant Sunset's writ in part and reverse the trial court's February 15, 2022 order vacating the June 15, 2021 default judgment.

Sunset further argues that the trial court erred in denying its motion to withdraw funds from the court registry on February 25, 2022 and in issuing its April 19, 2022 order vacating a December 29, 2021 order to deposit proceeds of the sheriff's sale into the trial court registry. We disagree.

The trial court issued these orders based on its discovery that the court-appointed curator for the absentee defendants had failed to take any steps to notify the defendants of the suit. Sunset argues that the curator's failure to act did not

3

affect the validity of the tax sale, citing in support La. C.C.P. art. 5098 and cases interpreting it.[1]  However, unlike the cases Sunset cites, in which the curator took some steps to attempt to give notice to the absentee defendants, here the curator took no action to notify the defendants of the suit and informed Sunset he would take no action to notify the defendants of the suit.  Under these circumstances, we find no error in the trial court's February 25, 2022, and April 19, 2022 orders denying Sunset's motion to withdraw funds from the trial court registry and vacating the December 29, 2021 order to deposit proceeds of a sheriff's sale into the trial court registry.

### DECREE

For the foregoing reasons, Sunset's writ is granted in part, and the trial court's February 15, 2022 order vacating the June 15, 2021 default judgment is reversed.  In all other respects, the writ is denied.

**WRIT GRANTED IN PART; FEBRUARY 15, 2022 ORDER REVERSED; AND WRIT DENIED IN PART**

---

[1] *See Gulf Coast Bank & Tr. Co. v. Warren*, 12-1570 (La. App. 4 Cir. 9/18/13), 125 So.3d 1211, *Hibernia Nat. Bank v. Lankster*, 578 So.2d 535 (La. App. 4 Cir. 1991), and *Mouton v. Vallot*, 415 So.2d 652 (La. App. 3rd Cir. 1982).